## ABRAHAM SABBAGH'S CASE.

Suffolk.    October 11, 1963. — December 3, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
SPIEGEL, & REARDON, JJ.

*Workmen's Compensation Act,* Recommittal to Industrial Accident Board,
Laches. *Laches.*

In a workmen's compensation case wherein a reviewing board found that
a causal connection between the employee's alleged incapacity and his
employment had not been established and denied his claim for compen-
sation, there was no error in an order made by the Superior Court sev-
eral years later, on motion by the employee supported in part by an
affidavit of a surgeon who had operated on him long after the board's
decision, recommitting the case to the Industrial Accident Board for the
purpose of taking further testimony and for findings and a decision
accordingly.    [506–507]

On the record of a workmen's compensation case, there was no merit in a
contention by the insurer that the employee was guilty of laches in that
he delayed undergoing surgery for several years after his alleged in-
juries and until about two years after a reviewing board had made find-
ings adverse to him and denied his claim for compensation, and waited
for nearly two years after the operation before seeking in the Superior
Court, by a motion supported in part by an affidavit of the surgeon who
had performed the operation, recommittal to the Industrial Accident
Board for the purpose of taking further medical and other testimony.
[507]

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board denying compensation under the
Workmen's Compensation Act.

Following a decree by *Morton,* J., recommitting the case
to the board and further hearings and a decision by it
awarding compensation, a decree in accordance with the
later decision was entered by *R. Sullivan,* J.   The insurer
appealed from both decrees.

*Daniel A. Canning* for the insurer.

*Edward C. Uehlein* for the employee.

SPIEGEL, J.   This is an appeal by an insurer from a final
decree of the Superior Court awarding compensation to an

employee in accordance with a decision of the reviewing board which adopted the findings and decision of the single member. G. L. c. 152, § 10, as amended through St. 1947, c. 546. The insurer also appeals from an earlier decree of the Superior Court which recommitted the case to the Industrial Accident Board for a rehearing after the reviewing board had reversed the single member and had denied the employee's claim for compensation.

The hearings and litigation proceeded in this order. In December, 1954, the single member found that the employee had sustained injuries arising out of and in the course of his employment and awarded him compensation. In June, 1955, the reviewing board found a "causal relationship of the employee's condition to his employment has not been established" and denied his claim for compensation. In April, 1959, the Superior Court ordered "that the matter be recommitted to the Industrial Accident Board for the purpose of taking further testimony . . . and for the entry of findings . . . and a decision . . . following said further hearing." In October, 1961, a single member after a hearing on recommittal found that the employee's injuries arose out of and in the course of his employment. The following month this finding was adopted (with modifications) by the reviewing board. In January, 1963, the Superior Court entered a final decree providing for compensation as ordered by the reviewing board.

We summarize the relevant facts found by the single member in December, 1954, after the first hearing. In May, 1951, the employee, while carrying a meat tray at his place of employment, caught his cuff on a truck used to carry trays and fell, landing on both knees and both elbows. Although he was treated for this injury, he lost no time from work while under treatment. In May, 1952, the employee was involved in another accident in which a carcass of beef which he was carving gave way and as a result he was flung against a cutting table. He continued to work for three weeks subsequent to the second injury and then was compelled to "quit" because of his injuries.

The single member stated, "I accept and adopt the opinion expressed" by three impartial medical examiners. He referred to "the alleged late claim filed in this case" but found that the insurer was not prejudiced thereby.

The reviewing board found that the employee had fallen in May, 1951. Concerning the alleged accident of May, 1952, it was "unable to find that the employee received any injury to his back at the time and in the manner alleged." It found that he was discharged in June, 1952, because of an altercation with an assistant manager and that the "employee has not shown affirmatively that the insurer has not been prejudiced in respect of his failure to file claim within the time limited by statute." The condition from which the employee suffered was found to be vague and its cause speculative and conjectural. The reviewing board stated that there was an abundance of competent medical opinion in the evidence from which to conclude that a causal relationship of the employee's condition to his employment had not been established.

On recommittal, the single member's findings were similar to those of the single member who had conducted the first hearing. His decision, however, is predicated on evidence which would have been unavailable at the time of the first hearing. He referred to the testimony of a surgeon who, in May, 1957, had performed an operation on the employee, on the basis of which the surgeon testified that the accidents might well have been causative or aggravating factors in the employee's disability. The single member also referred to similar findings made by a physician who examined the employee in June, 1959. The single member concluded that the employee had been totally and permanently disabled from June, 1952, and ordered the insurer to pay him $15,358.57 forthwith. The reviewing board affirmed the findings and decision of the single member except with respect to total incapacitation and ordered the insurer to pay the employee $11,710. The Superior Court entered a final decree in accordance with the board's award.

The insurer contends that the decree of recommittal ordered by the Superior Court was "wrong as a matter of

law." There was no error. The recommittal was requested by the employee for the purpose of taking "further medical testimony and further lay testimony." Two affidavits, one by the surgeon who operated on him in May, 1957, were presented to the Superior Court with the motion to recommit. "The Superior Court has power to remand a case to the Industrial Accident Board for further hearing when justice requires it. *Nelson's Case,* 217 Mass. 467. *Devine's Case,* 236 Mass. 588, 595. *Chisholm's Case,* 238 Mass. 412. This power includes that to order a rehearing . . . before the Industrial Accident Board on the ground of newly discovered evidence, when in accordance with sound practice and settled principles concerning a new trial at common law that course ought to be pursued. *Berggren* v. *Mutual Life Ins. Co. of New York,* 231 Mass. 173, 177." *Johnson's Case,* 242 Mass. 489, 495–496. Contrary to the insurer's contention, the findings of the first reviewing board were not res judicata at the hearing after recommittal.

The insurer argues that the employee was guilty of laches in failing to proceed to the Superior Court until April 21, 1959. The basis of this argument is that the employee, against the advice of physicians, delayed undergoing surgery for his condition until May, 1957. The insurer contends that if the operation had been performed in 1953, the employee might have been cured completely and adds that the "employee's lack of coöperation has created medical speculation and confusion in this case." We observe that at the first hearing there was evidence from the employee's physician that he "would urge against" surgery "except if the indications were extremely urgent." Furthermore, there was no evidence that any of the physicians was even reasonably certain that the operation, if performed, would be successful. The ruling below that the insurer was "not prejudiced as the result of the late filing of the claim" was warranted. *Berthiaume's Case,* 328 Mass. 186, 191. *Zabec's Case,* 302 Mass. 465, 466. Also see *Sultan & Chera Corp.* v. *Fallas,* 59 So. 2d 535 (Fla.). *Borucki* v. *Eagle Pencil Co. Inc.* 281 App. Div. (N. Y.) 718.

The insurer has taken numerous exceptions to the admission and exclusion of evidence. While reference is made to these exceptions in its brief, no cases are cited nor is any argument made in support of its contentions. We have examined the various rulings and are of opinion that no purpose would be served by a discussion of them. We are satisfied there was no prejudicial error.

The decrees are affirmed. Costs of this appeal are to be determined by a single justice.

*So ordered.*