ANN LUPIA'S CASE.

Hampden.    May 7, 1964. — June 23, 1964.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Workmen's Compensation Act,* Filing of claim.

Evidence in a workmen's compensation case merely that the employee was injured in a building, a part of which was "hired and occupied" by her employer, when she fell on the highly polished floor of a hallway customarily used by her and by employees of other tenants, and that her employer "knew of the injury at once," did not meet the burden on her under G. L. c. 152, § 49, of proving that the insurer was not prejudiced by delay in filing her claim for compensation until nearly four years after the injury, when any rights against persons other than her employer were no longer available to the insurer.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *DeSaulnier, J.*

*Henry A. Moran, Jr.,* for the employee.

*Gerard L. Pellegrini* for the insurer.

SPIEGEL, J.    This is an appeal by an employee from a final decree denying her claim for compensation in accordance with a decision of the reviewing board, which adopted the findings and decision of the single member.    G. L. c. 152, § 10, as amended through St. 1947, c. 546.

We summarize the relevant facts found by the single member.    On March 10, 1954, while returning from lunch, the employee fell in the hallway of a building in which her employer "hired and occupied the second floor." This hallway was customarily used by the employee and also by employees of some of the other tenants who "hired and occupied" space in the same building.    The employee reported the fall to her foreman and continued to work until April 19, 1954, but with increasing pain and difficulty.    On that date she was admitted to a hospital "where a myelo-

Lupia's Case.

gram was done and a disc condition found.'' Three days later surgery was performed. The employee was totally disabled until July 6, 1954. At that time she returned to her job and worked from July 6, 1954, to October 12, 1955. By then the pain had become so intense that ''another myelogram was performed showing a large defect between L4 and L5, previously explored.'' The employee was totally disabled from October 12, 1955, until February 2, 1956, at which time she returned to work. On June 30, 1958, she began work in a clerical position for another employer, and since that date she has been partially disabled. The injuries which caused the employee to suffer the periods of total and partial disability[1] were causally related to her fall and were received in the course of her employment.

''In a first report of injury received by the [b]oard on April 20, 1954, it is acknowledged that the employer knew of the injury at once.'' In July, 1954, the employee consulted one Arthur Paroshinsky, a Springfield attorney, who on July 8, wrote to General Accident Insurance Company (General), the insurer of the owner of the building, and made a claim for injuries suffered by the employee as a result of the alleged negligent maintenance of a common hallway. However, no action was ever brought against the owner of the building. From July, 1954, to December, 1956, Mr. Paroshinsky was in contact with the insurer (the workmen's compensation carrier) ''giving them to understand at various times orally, that he was claiming compensation'' for the employee. ''[I]n January, 1957, a request for hearing was filed by . . . Paroshinsky on behalf of the employee and on January 14, 1958, a claim for compensation for injury was received.'' By this time ''[w]hatever rights the employee had against the third party were no longer available'' to the insurer. See G. L. c. 152, § 15. The delay in filing the claim was prejudicial to the insurer

---

[1] April 19, 1954 — July 6, 1954 (total).

October 12, 1955 — February 2, 1956 (total).

June 30, 1958 — and continuing (partial).

and not "occasioned by justifiable mistake or other reasonable cause."

Under G. L. c. 152, § 49, when there is a failure to file within the time fixed by G. L. c. 152, § 41,[2] the claim may proceed only if the delay "was occasioned by mistake or other reasonable cause, or if it is found that the insurer was not prejudiced" thereby.[3] The burden of proving that the delay was not prejudicial to the insurer is on the employee. *Booth's Case,* 289 Mass. 322, 325. *Davis's Case,* 304 Mass. 530, 533. *Thibeault's Case,* 341 Mass. 647, 649. Whether the employee has satisfied the burden of proof is a question of fact. *Davis's Case, supra.* Questions of fact are for the board to decide and the board's findings will not be overturned unless unsupported by evidence. *Hachadourian's Case,* 340 Mass. 81, 85. *Quiles's Case, post,* 767.

In the instant case, the report of the evidence sheds little light on the circumstances of the accident. The employee testified that she stepped into the hallway whose floor had been highly polished. She later told one Epstein: "I do not believe they have to wax the floor so highly." There is no evidence as to who "they" are who were responsible for polishing the floor, nor is there evidence as to any other facts which might indicate whether a party other than the insurer was liable to the employee for her injuries. We are of opinion that the employee failed to meet the burden of proving on the facts that as a result of the late filing of the claim the insurer was not prejudiced in any action it may have had against a third party.

The employee took several exceptions to the exclusion of testimony. While reference is made to these exceptions in

---

[2] "No proceedings for compensation for an injury shall be maintained unless a notice thereof shall have been given to the insurer or insured as soon as practicable after the happening thereof, and unless the claim for compensation with respect to such injury has been made within six months after its occurrence, or, in case of the death of the employee, or in the event of his physical or mental incapacity, within six months after death or the removal of such incapacity, or, in case an action against a third person is discontinued as provided in section fifteen, within thirty days after such discontinuance."

[3] The employee does not challenge the board's finding that her failure to file within the time limit was not "occasioned by justifiable mistake or other reasonable cause."

her brief, no cases are cited nor is any argument made in support of her contentions. We have examined the various rulings and are of opinion that no purpose would be served by a discussion of them. We are satisfied there was no prejudicial error.[4]  *Sabbagh's Case,* 346 Mass. 504, 508.

*Decree affirmed.*

---

[4] Even if we treat the excluded testimony as part of the evidence, the employee's burden of proof as to lack of prejudice is not met.