PALMEDA P. DaLOMBA'S CASE.

Suffolk.    April 3, 1967. — June 6, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Workmen's Compensation Act,* Incapacity, Injuries to which act applies, Recommittal to Industrial Accident Board, Impartial physician, Rules of Industrial Accident Board.    *Proximate Cause.*

Evidence in a workmen's compensation case, principally the opinions of two medical experts, warranted findings by the Industrial Accident Board that the employee, a dining room attendant who injured her back in a fall while at work in a hospital cafeteria, was totally incapacitated when she ceased working on a limited basis there nearly two years after the accident, and that such incapacity was causally related to the accident.    [601–602]

The record in a workmen's compensation case disclosed no error in an interlocutory decree of the Superior Court that "justice and equity" required recommittal of the case to the Industrial Accident Board for the purpose of taking the testimony of a physician who had examined the injured employee on behalf of her employer and the testimony of the employee's supervisor, neither of whom had testified before the board. [602]

---

It is implicit, from a rule of the Industrial Accident Board providing that the board "may decline to allow rebuttal of reports of impartial physicians where request for such rebuttal is received later than seven days after the mailing of such reports," that the board may not deny such rebuttal if the request is seasonably received. [603]

Rules promulgated by the Industrial Accident Board pursuant to G. L. c. 152, § 5, may not be disregarded by a single member or a reviewing board. [603]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding partial incapacity compensation under the Workmen's Compensation Act.

Following a decree by *Kalus,* J., recommitting the case to the board, further hearings and a decision by it awarding total incapacity compensation, and certification of the later decision to the Superior Court, certain motions by the self-insurer were denied, and a final decree in accordance with the later decision was entered, by *Chmielinski,* J. The self-insurer appealed from the final decree.

*Paul F. X. Powers,* Assistant Attorney General, for the self-insurer.

*Stanley S. Lewenberg* for the employee.

SPALDING, J. The employee in this workmen's compensation case was a dining room attendant at the Boston State Hospital. On September 19, 1961, she slipped and fell on the floor of the hospital cafeteria and injured her back. Her initial claim for compensation was heard in March, 1963. The single member awarded her total incapacity compensation from September 19, 1961, to July 13, 1962, and partial incapacity compensation at the rate of $41.50 a week (based on an earning capacity of $30 a week) from July 13, 1962, and continuing.

The employee returned to work at the hospital on a limited basis between March 17 and August 3, 1963; but she did not work thereafter. In 1964 she filed the present claim, asking for total incapacity compensation from August 3, 1963, and continuing. The only expert medical testimony introduced at the hearing was that of Dr. Ralph H. Bender, who testified, "I feel the . . . [employee] has been disabled for work during this period . . . [and that]

there is a direct relationship between the injury she sustained and her subsequent disability.'' The single member found that ''the employee continues to be partially incapacitated, but with an earning capacity in the amount of $35 weekly.'' He directed the Commonwealth (the self-insurer) ''to begin payments . . . of $36.50 weekly, as of [February 12, 1965, and continuing].''

The employee claimed a review of the member's decision. At the hearing before the reviewing board, both parties agreed that certain additional reports of Dr. Bender and a report of Dr. Joseph A. Dorgan, who examined the employee in July, 1964, be made a part of the record. Dr. Bender's additional reports did not vary significantly from his testimony at the hearing before the member. Dr. Dorgan's report concluded, ''I fail to find causal relationship between . . . [the present symptoms] and the accident of September 19, 1961.'' The board affirmed the member's decision on April 12, 1965, and it was certified by the employee to the Superior Court. After hearing, the court decreed that ''justice and equity require that the subject case be recommitted to the Industrial Accident Board for the purpose of taking . . . the testimony of Dr. Richard A. Bragdon who examined the employee on behalf of the Commonwealth, and . . . Mary Forbes the supervisor of the Employee at Boston State Hospital.''

The single member heard the testimony specified by the decree of recommittal, and in addition ordered impartial medical examinations of the employee by Dr. John J. McGillicuddy, an orthopedic specialist,[1] and Dr. Albert M. Starr, a neurosurgeon. Dr. Bragdon testified that the employee's disability was causally related to her industrial accident. When asked if she was capable of performing any type of work, he answered, ''I think it is conceivable . . . [but] I cannot think of anything that would fit her qualifications.''

---

[1] Dr. McGillicuddy's report was subsequently struck from the record for failure to qualify under G. L. c. 152, § 9, which provides in part that ''No person shall qualify . . . as an impartial physician who has testified in hearings under this chapter more than three times in the preceding twelve months . . . unless by agreement of both parties.''

Dr. Starr was of opinion that the employee was totally disabled and that the disability was causally related to the accident. On the basis of the additional evidence, the member found "that the employee . . . [was] totally disabled from August 3, 1963 to date and continuing" and awarded her total incapacity compensation from that time.

Before the reviewing board, the self-insurer moved to have the case recommitted to the single member for the purpose of rebutting the impartial medical reports. The board upheld the award of total incapacity compensation, and, "[i]n view of the . . . striking from the record [of] the report of Dr. McGillicuddy" it denied the motion to recommit so far as it related to Dr. Starr's report.

In the Superior Court, on certification, the self-insurer made two motions. The first, that the case be recommitted to the Industrial Accident Board, was based on the contention that the denial of the opportunity to rebut the impartial medical report constituted a denial of due process of law. The second, that the court enter a final decree in accordance with the original reviewing board decision was based on the contention that the decree of recommittal was erroneous. Neither motion was granted. The court entered a final decree in accordance with the later reviewing board decision, and the self-insurer appealed.

1. The self-insurer contends that the evidence does not warrant the findings that the employee was totally incapacitated from August 3, 1963, and continuing, and that such incapacity was causally related to her industrial accident of September 19, 1961. There is no merit in this contention. Of the four doctors whose opinions were in evidence, two, Bender and Starr, were of opinion that the employee was totally incapacitated for work, and that such incapacity was causally related to the accident. Dr. Bragdon also testified that the disability was causally related to the accident. The probative value of his testimony that it was conceivable that she was capable of performing some type of work was lessened by his further comment that he could "not think of anything that would fit her qualifica-

tions.'' The only expert medical testimony favoring the self-insurer was that of Dr. Dorgan. The board's findings were clearly warranted.

2. We pass to the self-insurer's contention that the decree of recommittal was erroneous and that the original reviewing board decision should be upheld. We assume, without deciding, that the interlocutory decree of recommittal, not appealed from, is open to review upon the appeal from the final decree. See G. L. c. 214, § 27.[2]

The record does not reveal whether Dr. Bragdon and Miss Forbes were available at the time of the original hearing before the member, nor, if they were available, why they were not called. It does reveal that the self-insurer had failed to file at least one of Dr. Bragdon's reports with the board as required by G. L. c. 152, § 20. We note that neither the single member nor the board based their findings of partial disability on the expert medical evidence before them. Dr. Bender testified that the employee suffered total disability which was causally related to the accident. Dr. Dorgan, whose report was made part of the record by the board, was of opinion that the employee's symptoms were not related to the accident; he ventured no opinion as to the extent to which she was disabled by such symptoms.

The Superior Court has a broad power to recommit cases to the Industrial Accident Board when justice so requires. *Sciola's Case,* 236 Mass. 407, 414–415. *Johnson's Case,* 242 Mass. 489, 495–496. *Sabbagh's Case,* 346 Mass. 504, 507. We cannot say that the recommittal constituted error.

3. The self-insurer's motions for recommittal were based on the following assertions: ''That the Commonwealth on August 12, 1965 did write to the single Member requesting that it be afforded the opportunity of calling its doctors before the Board for the purpose of refuting the impartial examiner's findings and . . . that the request for

---

[2] General Laws c. 214, § 27, provides that: ''Interlocutory decrees not appealed from shall be open to revision upon appeals from final decrees, so far only as it appears to the full court that such final decrees are erroneously affected thereby.''

such rebuttal was received within the seven days after the mailing of the impartial reports . . . [on] August 11, 1965"; "[t]hat the Single Member in a letter of August 17, 1965 refused the Commonwealth its request . . . and that such refusal . . . [was] contra to the rules of the Industrial Accident Board . . ."; and "that since the request for rebuttal was forwarded to the Industrial Accident Board within the stipulated seven-day period, its refusal . . . constitutes . . . [a] denial of due process."

Rule IV–9 of the Industrial Accident Board provides that "The division or member may decline to allow rebuttal of reports of impartial physicians where request for such rebuttal is received later than seven days after the mailing of such reports." Although there appears to be no rule of the board which expressly so provides, it is implicit in Rule IV–9 that the division or a member may not deny such rebuttal if the request is received within seven days of the mailing of the reports. Elementary principles of fairness support this interpretation. It would be manifestly unfair to deprive a party, who seasonably requests it, an opportunity to rebut such a report. See *Boott Mills* v. *Board of Conciliation & Arbitration,* 311 Mass. 223, 227; *Meunier's Case,* 319 Mass. 421, 427.

The reviewing board denied the request to rebut "[i]n view of the . . . striking from the record [of] the report of Dr. McGillicuddy." But clearly this did not cure any error — if such there was in the denial — in so far as it related to Dr. Starr's report. Nor is there any merit in the employee's contention that since the division is authorized by the Legislature to make its rules (see G. L. c. 152, § 5), a board or a single member of the division may therefore disregard them. Rules which have been promulgated pursuant to a legislative grant of power generally have the force of law. See Davis, Administrative Law, § 5.03, p. 299. And whereas they may be properly revoked or amended, they may not be arbitrarily disregarded by individual members of the rule-making body to the prejudice of a party's essential rights. *Everett-Morgan Co.* v. *Boyajian Phar-*

*macy,* 244 Mass. 460, 461–462. *Kaufman* v. *Buckley,* 285 Mass. 83, 86 (Superior Court judge may not dispense with rules of court). *Sheridan-Wyoming Coal Co. Inc.* v. *Krug,* 172 F. 2d 282, 287 (Ct. App. D. C.), and cases cited (regulations promulgated by Secretary of Interior binding upon Secretary). *Weekes* v. *O'Connell,* 304 N. Y. 259, 267–268 (New York State Liquor Authority may not disregard its rules).

The record does not explicitly substantiate the self-insurer's assertion that its request for rebuttal was received by the member within seven days of the mailing of the report. The fact, however, that the reviewing board based its denial of the opportunity to rebut on other grounds than lateness of the request strongly suggests that it was received seasonably. If so, the member was bound to allow rebuttal, and denial of such opportunity was prejudicial to the self-insurer's essential rights under the rule. It is to be noted that both the single member and the board placed considerable reliance on Dr. Starr's report. We therefore remand the case to the Superior Court to ascertain, if the parties cannot agree, whether the self-insurer's request for rebuttal was seasonable. If it is found that it was, the final decree is to be reversed and a new decree is to be entered recommitting the case to the Industrial Accident Board for the purpose of permitting rebuttal of Dr. Starr's report and a reconsideration of the case in the light of the rebutting evidence. If it is found that the request was not seasonable, the final decree is affirmed and costs and expenses of appeal are to be determined by the single justice.

*So ordered.*