466 P.2d 889

**Pauline TATE, Appellant,**

v.

**NEW MEXICO STATE BOARD OF EDUCATION, Appellee.**

**No. 393.**

Court of Appeals of New Mexico.

March 6, 1970.

Michael F. McCormick, Carlsbad, for appellant.

E. P. Ripley, Santa Fe, Jerome D. Matkins, Carlsbad, for appellee.

OPINION

HENDLEY, Judge.

This is an appeal by a certified school instructor, with tenure rights, from a decision of the New Mexico State Board of Education which affirmed the decision of the Carlsbad Municipal School District No. C refusing to re-employ Pauline Tate for the school year 1969–70. The material findings of fact and conclusions of law, both by the Local Board and the State Board, are in most instances identical with those in Brininstool v. New Mexico State

**324**

Board of Education (Ct.App.) 81 N.M. 319, 466 P.2d 885, decided March 6, 1970.

We reverse.

Here, the Local Board failed to comply with Rule No. 2-A (Tenure) of the State Board requiring notice that the teacher would not be re-employed. The issue is controlled by *Brininstool*. It states: " * * the conduct of the Local Board in failing to follow the regulation amounted to unfairness. * * *"

The State Board claims that Miss Tate was not prejudiced by lack of time to prepare because when asked whether or not she was " * * * caught short of time in any manner in getting ready for this hearing, * * * ?" she stated "No, not exactly. I—I went to Mr. McCormick and discussed the matter with him sometime—well, I believe it was after I received this evaluation. * * *" The answer related to a time prior to the giving of notice. Miss Tate had no obligation to prepare a defense at that time. As stated in Brininstool v. New Mexico State Board of Education, supra:

"Although appellant may have known her Principal was going to recommend to the Local Board that she not be re-employed, this placed no burden upon her to employ an attorney, or to otherwise begin the preparation of her defense, in anticipation of the ruling of the Local Board. * * *"

The Local Board's failure to give timely notice constituted a substantial departure from the procedures and regulations prescribed by the State Board. We cannot say the State Board's finding, that Miss Tate was not prejudiced by this departure, is supported by the record.

The order of the State Board affirming the decision of the Local Board should be reversed with directions to reverse the decision of the Local Board.

It is so ordered.

OMAN and WOOD, JJ., concur.