466 P.2d 885

Rose BRININSTOOL, Appellant,

v.

NEW MEXICO STATE BOARD OF EDUCATION, Appellee.

No. 389.

Court of Appeals of New Mexico.

March 6, 1970.

James L. Dow, Carlsbad, for appellant.

Jerome D. Matkins, Carlsbad, for Municipal School District No. C.

E. P. Ripley, Santa Fe, for State Board of Education.

## OPINION

OMAN, Judge.

This is an appeal by a certified school instructor with tenure rights from a decision of the New Mexico State Board of Education—hereinafter called State Board —affirming a decision of the Carlsbad Municipal School District No. C—hereinafter called Local Board—refusing re-employment of appellant for the 1969–70 school year. We reverse and direct the State Board to reverse the decision of the Local Board.

On May 27, 1969, notice was served upon appellant, pursuant to § 77–8–12, N.M.S.A. 1953 (Repl. 11, pt. 1), by which she was notified she would not be re-employed by the Local Board for the 1969–70 school year. She was also notified that a hearing on the matter of termination of her employment would be held by the Local Board at 7:00 p. m. on June 3, the hearing would be conducted in accordance with regulations prescribed by the State Board, and she was entitled to be present with counsel.

Appellant continued to perform her duties as a school teacher from Tuesday, May 27, when served with the notice, through Thursday, May 29, which was the last day of the school year. The evidence is that she was on duty until 4:00 p. m. or after

on each of these days. Friday was Memorial Day, and this was followed by the week-end. She employed an attorney on Monday morning, June 2. This attorney promptly sought, but was denied, a continuance within which to properly prepare a defense for appellant at the Local Board hearing. The denial was apparently based upon a concern for the effect of the language of § 77–8–12(B) (2), supra, which provides that there be stated in the notice " * * * a date not less than five [5] days nor more than ten [10] days from the date of service of the notice of termination for a hearing before the local school board." June 3, the date fixed for the hearing, fell within this five to ten day period after date of service of the notice on May 27.

In its decision entered after the hearing, the Local Board found, among other things, that " * * * at a regular meeting held April 29, 1969, * * *" it had determined appellant " * * * should not be re-employed for the 1969–70 school year by reason of unsatisfactory work performance"; appellant " * * * had actual notice that her Principal was recommending that she not be re-employed on April 24, 1969"; "The service of the Notice of Refusal to Re-employ did not comply with Paragraph 4 of rule No. 2–A (Tenure) adopted by the State Department of Education on October 16–17, 1968"; "Said service did comply with the provisions of Section 77–8–12, N.M.S.A.1953 Comp."; and "The State Department regulation and the Statute appear to be in conflict."

The stated apparent conflict arises out of the following provisions of § 77–8–12, supra, and Paragraph 4 of Rule No. 2–A, supra:

"77–8–12. *Refusal to re-employ— Procedure*—A local school board may refuse to re-employ a certified school instructor with tenure rights only according to the following procedure:

"A. prior to the last day of the school year, serving a written notice of termination on the person in accordance with the law for service of process in civil actions;

"B. stating in the notice of termination the following:

" * * *

"(2) a place within the school district and a date not less than five [5] days nor more than ten [10] days from the date of service of the notice of termination for a hearing before the local school board;

"C. conducting a hearing according to the regulations prescribed by the state board; * * *"

Rule No. 2–A (Tenure)—State Department of Education, Santa Fe, October 31, 1968:

"REGULATIONS OF THE STATE BOARD OF EDUCATION FOR THE TERMINATION OF TENURE TEACHERS AT THE END OF A SCHOOL YEAR FOR UNSATISFACTORY WORK PERFORMANCE.

" * * *

"4. Written notice of discharge or termination for unsatisfactory work performance shall be served upon such tenure personnel at least two (2) weeks prior to the end of the school year.

"Adopted by the New Mexico State Board of Education October 16–17, 1968."

It is apparent the only limitation on the time of service of the statutory notice is the requirement that it be served "prior to the last day of the school year, * * *"

It is equally apparent the only limitation on the time of service of the Rule notice is that it be served " * * * at least two (2) weeks prior to the end of the school year."

Neither the Statute nor the Rule requires, or even suggests, that the statutory and rule notice be one and the same. However, even if it be assumed that the Rule contemplates the notice thereunder is to be the same as the notice provided for in the Statute, there is nothing inconsistent be-

tween the Statute and Rule provisions as to the time of service of this notice. A notice served prior to the last day of the school year satisfies the statutory requirement, and a notice served at least two weeks prior to the end of the school year satisfies the Rule requirement. Both the Statute and the Rule can be satisfied by having the notice served at least two weeks prior to the last day, or end, of the school year.

Rule No. 2–A, supra, including the notice regulation in Paragraph 4 thereof, was obviously promulgated by the State Board for the purposes of promoting the welfare and protecting the rights of tenure personnel. The Rule was filed in the State Records Center on November 4, 1968, pursuant to the provisions of §§ 71–7–3 and 10, N.M.S.A.1953 (Repl. 10, Supp.1969), and apparently became valid and enforceable upon its filing. Section 71–7–6, N.M.S.A.1953 (Repl. 10, Supp.1969).

In affirming the Local Board, the State Board found:

"1. That no new evidence was offered or considered by the State Board of Education and the Affidavits offered do not show substantial prejudice to Appellant.

"2. That the record does not disclose a substantial departure from the procedures and regulations prescribed by the New Mexico State Board of Education which is prejudicial to the Appellant and that there is evidence in the record to substantiate the Findings of the Carlsbad Board of Education and that good cause exists for refusing to re-employ Rose L. Brininstool."

From these findings the State Board concluded:

"1. That it has jurisdiction of the parties and the subject matter.

"2. That the Decision of the Carlsbad Board of Education refusing to re-employ Rose L. Brininstool for the school year 1969–70 should be affirmed."

In our opinion, Finding No. 2 and Conclusion No. 2 cannot be sustained. Appellant was only given two days notice— excluding the date of service—before the end of the school year. Under the regulations prescribed by the State Board, she was entitled to no less than fourteen days notice before the end of the school year. If only one notice was intended to satisfy the requirements of both the Statute and the regulation, the notice would have necessarily fixed the date of the hearing at some time between five and ten days after date of service as required by § 77–8–12 (B) (2), supra. However, the hearing would have been held at a time (1) prior to and not following the end of the school year with all the attendant rush and pressures; (2) when all of the school personnel would have been available as possible witnesses; and (3) when there would not have been a three day week-end included in the limited period within which to secure counsel and make preparation for the hearing, upon the outcome of which appellant's whole professional career depended.

In our opinion, the conduct of the Local Board in failing to follow the regulation amounted to unfairness. Unfairness is an issue which may properly be raised in a proceeding of this nature. Wickersham v. New Mexico State Board of Education (Ct.App.), 81 N.M. 188, 464 P.2d 918, decided January 16, 1970. The issue of unfairness, although not so stated in this precise language, was clearly and properly raised before the State Board.

Although appellant may have known her Principal was going to recommend to the Local Board that she not be re-employed, this placed no burden upon her to employ an attorney, or to otherwise begin the preparation of her defense, in anticipation of the ruling of the Local Board. She was entitled, insofar as the Statute and the Rule permitted, to a timely notice. By this we mean a notice served pursuant to the requirements of the Rule.

In addition to the contention that appellant was not prejudiced by the Local

Board's failure to comply with the regulation, which contention we have already rejected, the State and Local Boards argue that the State Board lacked jurisdiction or authority to adopt the regulation contained in Rule 2–A(4), above quoted.

■ Unquestionably, the State Board has authority to prescribe regulations for the conduct of hearings before local boards. Sections 77–8–12, 14 and 16, N.M.S.A. 1953 (Repl. 11, pt. 1). In our opinion "regulations for the conduct of hearings," in the context in which these words are used in the statutes, and particularly in § 77–8–16, supra, can properly be held to embrace the regulation in question. It is expressly provided in § 77–8–16, supra, that regulations promulgated by the State Board shall provide for a hearing so conducted " * * * that the contentions or the defenses of each party to the hearing are amply and fairly presented without substantial prejudice. * * * "

■ Although an administrative body has only such powers as are conferred upon it by law [F. T. C. v. National Lead Co., 352 U.S. 419, 77 S.Ct. 502, 1 L.Ed.2d 438 (1957); Garvey v. Freeman, 397 F.2d 600 (10th Cir. 1968); Continental Oil Co. v. Oil Conservation Comm., 70 N.M. 310, 373 P.2d 809 (1962); Vermejo Club v. French, 43 N.M. 45, 85 P.2d 90 (1938)], these powers include those expressly granted by statute and those fairly implied therefrom [Pan American World Airways, Inc. v. United States, 371 U.S. 296, 83 S.Ct. 476, 9 L.Ed.2d 325 (1963); Slosburg v. City of Omaha, 183 Neb. 839, 165 N.W.2d 90 (1969); Morrow v. Clayton, 326 F.2d 36 (10th Cir. 1963); I Am.Jur.2d Administrative Law § 44 (1962)].

The statutory authority to promulgate regulations as to the conduct of hearings clearly implies the authority to promulgate regulations consistent with the statutes, so as to give adequate time to properly prepare for the hearing, in order that the contentions or defenses of each party can be amply and fairly presented without substantial prejudice. The regulation in question would undoubtedly promote proper preparation, in that it would require the giving of the notice at a time when (1) possible witnesses would more likely be available for interview and preparation for the hearing; (2) witnesses would more likely be available for attendance at the hearing; and (3) the instructor, during the limited preparation period of from five to ten days, would be free of the rush and pressures of the last few days of the school year.

The State Board obviously understood it had the authority to promulgate the questioned regulation and the duty to file it in the State Records Center. The State Board had directed the local boards throughout the State to comply with this and other regulations prescribed in Rule No. 2–A, supra. As above stated, the Local Board expressly found that the service of notice had not complied with the regulation.

Once lawfully adopted, the regulations had the force of law and were binding upon the parties to the hearing. Compare Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959); Regents of New Mexico College, etc. v. Albuquerque Broadcasting Co., 158 F.2d 900 (10th Cir. 1947); United States v. Coleman Capital Corp., 295 F.Supp. 1016 (N.D.Ill.1969); Standard Oil Company v. City of Gadsden, 263 F. Supp. 502 (N.D.Ala.1967); Cities Service Gas Co. v. State Corporation Comm., 201 Kan. 223, 440 P.2d 660 (1968); State ex rel. Independent School District, etc. v. Johnson, 242 Minn. 539, 65 N.W.2d 668 (1954); Goldenberg v. Village of Capitan, 55 N.M. 122, 227 P.2d 630 (1951). Any substantial departure therefrom, which resulted, or likely resulted, in prejudice to one of the parties, rendered the proceeding subject to attack and reversal. Bonita, Inc. v. Wirtz, 125 U.S.App.D.C. 163, 369 F.2d 208 (1966); Pacific Molasses Co. v. F. T. C., 356 F.2d 386 (5th Cir. 1966); In Re DaLomba's Case, 352 Mass. 598, 227 N. E.2d 513 (1967).

As above stated, the failure of the Local Board to give timely notice, as provided by

**323**

the regulation, constituted a substantial departure from the procedures and regulations prescribed by the State Board. Although we cannot say that the decision of the Local Board would have been different had the notice requirement prescribed in the regulation been followed, neither can we say the State Board's finding that appellant was not prejudiced by this departure is supported by the record

The order of the State Board affirming the decision of the Local Board should be reversed with directions to reverse the decision of the Local Board.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.