**578**

808 P.2d 28

**Eileen PROVODA, Plaintiff–Appellant,**

v.

**Arnold MAXWELL, Superintendent of Schools, Grants–Cibola County Schools, Eddie L. Pena, Joseph R. Murrietta, J. Jackie Sanchez, Ken Martinez and Joe Shunkamola, Members of the Board of Education Grants–Cibola County Schools and Board of Education of Grants–Cibola County School District, Defendants–Appellees.**

No. 19216.

Supreme Court of New Mexico.

Feb. 28, 1991.

Rehearing Denied April 18, 1991.

Marron, McKinnon & Ewing, Dan A. McKinnon, III, Albuquerque, for plaintiff-appellant.

Bruce Boynton, Grants, for defendants-appellees.

OPINION

BACA, Justice.

Plaintiff-appellant Eileen Provoda brought suit against defendants-appellees the Grants–Cibola County Board of Education, various individual members of the Board of Education, and Arnold Maxwell, the superintendent of the Grants–Cibola County school system (collectively referred to as "Board"), alleging breach of her employment contract. She alleged that the Board failed to give her written notice of termination within the required time limits and argued that the remedy for this breach was reinstatement. She further claimed that the breach was willful and in reckless disregard of her rights, and that she thereby was entitled to compensatory and punitive damages. After a trial before the court, the complaint was dismissed and the Board was awarded costs. We affirm.

The Board employed Provoda as a teacher for the 1985–1986 school year. On April 22, 1986, she received a memorandum from Maxwell stating that he would not recommend that the Board re-employ her for the following school year. She was present at the Board meeting that same day when the Board accepted the recommendation. On May 20, 1986, Provoda gave written notice to the Board that she was accepting employment as a teacher for the 1986–1987 school year. On May 29, 1986, she received a letter from Maxwell advising her that her employment would terminate as of May 30th, the last day of the school year, and that she would not be re-employed for the following year.

On appeal, Provoda presents three questions: (1) Did the Board breach its contract by failing to give timely notice; (2) was a binding contract for the 1986–1987 school year created when Provoda tendered a written acceptance; and (3) what is the appropriate remedy? Our resolution of this appeal requires us to address only the first two issues.

The employment contract between Provoda and the Board provided that she could be terminated "only in accordance with the New Mexico Statutes and the rules and regulations of the State Board of Education."

Two statutory sections and one State Board of Education regulation are relevant to our inquiry. *Notice of reemployment; termination,* NMSA 1978, Section 22–10–12 (Repl.Pamp.1989),[1] states in relevant part:

> On or before the last day of the school year of the existing employment contract, the local school board * * * shall serve written notice of reemployment or termination on each certified school instructor employed by the school district * * *. A notice of reemployment shall be an offer of employment for the ensuing school year. A notice of termination shall be a notice of intention not to reemploy for the ensuing school year. Failure of the local school board ... to serve a written notice of reemployment or termination on a certified school instructor shall be construed to mean that notice of reemployment has been served upon the person for the ensuing school year according to the terms of the existing employment contract * * *.

*Reemployment; acceptance; rejection; binding contract,* NMSA 1978, Section 22–10–13 (Repl.Pamp.1989), requires that:

> A. Each certified school instructor shall deliver to the local school board of the school district * * * a written acceptance or rejection of reemployment for the ensuing school year within fifteen days from the following:
>
> (1) the date written notice of reemployment is served upon the person; or
>
> (2) the last day of the school year when no written notice of reemployment or termination is served upon the person on or before the last day of the school year.
>
> B. Delivery of the written acceptance of reemployment by a certified school

instructor creates a binding employment contract between the certified school instructor and the local school board * * * until the parties enter into a formal written employment contract.

The relevant regulation, N.M. Bd. of Educ. Reg. 75–7 (June 26, 1975),[2] entitled *"Governing Notice of Reemployment or Termination of Certified School Instructors"*, states in pertinent part:

> Notwithstanding [Section 22–10–12] * * * the State Board of Education hereby requires that if a certified school instructor is not to be reemployed for the ensuing school year, the local school board * * * must serve a notice of termination upon said certified school instructor, which shall be a notice of intention not to reemploy that certified school instructor for the ensuing school year, and such notice shall be served on or before the fourteenth calendar day prior to the last day of the school year. Failure of a local school district ... to serve the required notice on or before the fourteenth calendar day prior to the last day of the school year shall be deemed prejudicial departure under procedures prescribed by the State Board of Education and shall be sufficient cause for the State Board to reverse a decision of a local school board * * * not to reemploy the certified school instructor.

Thus, the statute requires that a teacher must receive written notice of termination before the last day of the school year, while the regulation provides for notice fourteen days before the end of the school year.

The court below, in its conclusions of law, determined that this case was governed by the above-stated law; that the Board acted in compliance with Section 22–10–12; that the Board was in substantial compliance with the requirements of the regulation, and that the Board's failure to strictly comply with the regulation did not result in automatic re-employment of Provoda.

---

1. The relevant parts of the current statute are unchanged from the statute governing during the time period at issue.

2. This regulation has been altered because the State Board of Education no longer hears appeals from decisions of local school boards.

Provoda contends, and we assume *arguendo* for the purposes of her appeal, that the initial notice provided by the superintendent that he would recommend her termination to the Board was not a "notice of intention not to reemploy" as required by the statute, but was merely the superintendent's recommendation. She also asserts that, although she was in attendance at the Board's meeting and had actual notice of her termination, that notice did not meet the requirements of written notice.

Provoda maintains the court erred by not requiring strict compliance with the notice requirements, citing Annotation, *Sufficiency of Notice of Intention to Discharge or Not to Rehire Teacher, Under Statutes Requiring Such Notice*, 52 A.L.R.4th 301, Sections 7, 23 and 24 (1987), and a variety of cases from other jurisdictions. Although not cited by her in this regard, we note that *Brininstool v. New Mexico State Board of Education*, 81 N.M. 319, 466 P.2d 885 (Ct.App.1970), and *Tate v. New Mexico State Board of Education*, 81 N.M. 323, 466 P.2d 889 (Ct.App.1970), both appear to require strict compliance with the applicable notice requirements. *Brininstool* is cited, however, for the propositions that actual notice by the teacher does not meet the notice requirements, and that the notice requirements of the regulation prevail over the laxer requirements of the statute.

■ We find it unnecessary to resolve this question, because we hold that the regulation does not apply to Provoda, at least to the extent that it provides her a remedy. It is undisputed that Provoda was not tenured. Nontenured teachers had no right to appeal adverse judgments of local school boards to the State Board (which is why she brought suit in district court). The relevant language of the regulation states that the failure of a local board to serve notice fourteen days before the end of the school year "shall be deemed a prejudicial departure * * * and shall be sufficient cause for the State Board to reverse." First, the language does not appear to require reversal; although the failure is deemed a "prejudicial departure", the fail-

ure, while providing cause for reversal, does not by its terms mandate it. Although the practice of the Board when it considered such appeals may have been to construe this language otherwise, Provoda has not provided us with authority showing what standards for reversal were applied by the Board. *See In re Doe*, 100 N.M. 764, 676 P.2d 1329 (1984) (issues raised in appellate briefs that are unsupported by cited authority will not be reviewed on appeal). Second, because appeal to the State Board was available only to *tenured* teachers for a local board's failure to serve the required notice, we do not find that the failure of the local Board to give Provoda, a *nontenured* teacher, the required written notice fourteen days before the end of the school year mandates a conclusion that a *court* must order her re-employment for an additional year. Thus, although the regulation may have been included in Provoda's contract, the regulation has no effect as to her. By its terms, the regulation provides a specific remedy applicable only when appeal is made to the State Board, and thus is not applicable to this situation. This conclusion is bolstered by the lack of prejudice to Provoda, despite the lack of fourteen-day notice, which indicates that the fourteen-day period was intended to apply to tenured instructors. As a nontenured teacher, she had no right to a hearing upon termination, and therefore no need for time to prepare a defense. *See* NMSA 1978, § 22–10–15 (Repl.Pamp.1984) (repealed 1986) (board must conduct hearing if refuses to re-employ a *tenured* instructor); § 22–10–14 (Repl.Pamp.1989) (allowing board to decline to re-employ teacher with less than three years' service for any reason deemed sufficient, but requiring process if teacher has more than three years' service); § 22–10–14.1 (Repl.Pamp.1989) (teacher with more than three years' service may request appeal to an independent arbitrator); *cf. Brininstool*, 81 N.M. at 321, 466 P.2d at 887 (fourteen-day notice required to allow preparation for hearing).[3]

Provoda asserts that the longer, regulatory notice period nonetheless should prevail because it is consistent with the totality of the statutory provisions. Specifically,

3. In *Brininstool*, the court emphasized that the

State Board rule then in effect, which is compa-

she maintains that, although Section 22–10–12 provides for notification as late as the last day of school, Section 22–10–13 alerts the school that, when no notice of termination has been given, a written acceptance of employment by the teacher received by the Board within fifteen days prior to the end of the school year will result in a binding contract for the ensuing year. Provoda also asserts this construction of Section 22–10–13 requires us to find the creation of a binding contract for the 1986–87 year, even if the shorter notice period applies, because she served a written acceptance on the Board prior to receiving notice of termination within fifteen days before the end of school. Provoda, however, has misinterpreted Section 22–10–13 with fatal results. Subsection (A)(1) does not apply, because Provoda was not given notice of re-employment; subsection (A)(2) is relied on, yet a careful reading of that section indicates that a teacher shall deliver a written acceptance "within fifteen days *from* * * * the last day of the school year when no written notice * * * is served upon the person on or before the last day of the school year." (Emphasis added.) The section does not authorize written acceptance within fifteen days *of* the end of school, but *from* the end of school; moreover, the entirety of the section indicates that acceptance is contemplated only after school has ended without the teacher having received any notice.

 Thus, we conclude that the Board strictly complied with the relevant statutory and regulatory requirements when it gave Provoda notice prior to the end of the school year, and that Provoda's "acceptance" was ineffective because no statutory "offer" had been made. Accordingly, we affirm the judgment of the district court.

IT IS SO ORDERED.

SOSA, C.J., and RANSOM, J., concur.

---

rable to the one at issue here, "was obviously promulgated by the State Board for the purposes of promoting the welfare and protecting the rights of tenure personnel." 81 N.M. at 321, 466 P.2d at 887.