128 P.2d 733

**BOURNE v. BOARD OF EDUCATION OF CITY OF ROSWELL.**

No. 4713.

Supreme Court of New Mexico.

Aug. 19, 1942.

Frazier & Quantius, of Roswell, for appellant.

Hervey, Dow, Hill & Hinkle, of Roswell, for appellee.

BICKLEY, Justice.

Appellant and appellee were plaintiff and defendant, respectively, in the district court, and will be so referred to hereafter.

Plaintiff is a duly qualified public school nurse, and as such she was employed by the defendant for the period running from September 1, 1940, to August 31, 1941.

No written notice of a desire of defendant Board to discontinue the services of plaintiff was served upon her on or before the closing day of school for the school year 1940–1941.

Plaintiff claims that, therefore, she should be deemed to be re-employed for the next school year, and since she was ready, willing and able to serve, she was entitled to damages by reason of unemployment, and sues as for breach of contract, or, in the alternative, for a decree in equity to require the defendant to execute a renewal contract.

A reading of the record indicates conscientious dealings between the parties with the existence of some disturbing factors

which resulted in an informal, oral notice to plaintiff that the situation was such that she should feel free to look for another position and that the defendant Board in the meantime would be looking for another nurse, and that both were to be free to act and do as they pleased.

Shortly thereafter, plaintiff made a report to the defendant Board which seems to absolve the Board of acting capriciously or arbitrarily in the matter. These circumstances occurred before the closing day of school on May 27th, 1941.

On May 29, 1941, the Board held a regular meeting and it was resolved that plaintiff be not re-employed, and immediately notified plaintiff in writing that she would not be re-employed for the ensuing year. Plaintiff responded on June 9, 1941, in a generously phrased letter which in part is made the basis of defendant's claim that plaintiff is estopped to assert her alleged cause of action. In view of our decision, this need not be gone into.

What next occurred, material to a consideration of the case, is reflected in the court's findings #12 and #13, as follows:

"12. That the plaintiff presented her case to the State Board of Education on July 14, 1941, and on July 18, 1941 Mrs. Grace J. Corrigan, Secretary of the State Board of Education, advised the Superintendent of the defendant Board of the action taken by the State Board of Education at its meeting on July 14, 1941, as follows:

"'It is the opinion of the State Board that since Miss Eva M. Bourne did not receive her notice of dismissal on or before the close of school in conformity with Section 1, Chapter 202, New Mexico Session Laws of 1941, she is reemployed for the school year 1941–42.'

"13. That the defendant had no notice from either the plaintiff or the State Board of Education that said matter would be presented to or would be considered by said Board, and had no knowledge whatsoever that any action would be taken by the State Board of Education or that any action was taken by the State Board of Education until notified thereof by a letter of Grace J. Corrigan, Secretary of the State Board of Education under date of July 18, 1941, and thereafter the president of the defendant Board wrote the president of the State Board of Education, protesting the action of the State Board, and on August 11, 1941 the State Board took the following action:

"'The State Board of Education took under advisement the letter of Mr. Clarence Hinkle, Chairman of the Board of Education at Roswell, in which Mr. Hinkle disagreed with the previous action of the State Board of Education holding that the employment of a school nurse does not come under Chapter 202, New Mexico Session Laws of 1941. The State Board reiterated the stand it had taken (See minutes of July 14, 1941) that it is a common practice for nurses to teach hygiene and health, and that if a school nurse actually teaches classes in hygiene or health she falls under this law. Minutes of the State Board of Education, Aug. 11, 1941.'"

Applying the law to the facts so found, the court concluded:

"1. That the opinion of the State Board of Education was not binding upon the defendant Board and did not constitute a hearing, and was not tantamount to a decision of the State Board of Education in that the defendant Board had no notice or knowledge whatsoever of the proposed action of said Board."

This brings us to a consideration of plaintiff's first point in this review, as follows: "The court erred in deciding that the ruling of the State Board of Education was without legal effect."

 The power to employ and discharge teachers and other school employees is reposed in municipal boards of education. N. M.S.A.1938 Supp. Sections 120-906 and 120-804. See Landers v. Board of Education of Town of Hot Springs, 45 N.M. 446, 116 P.2d 690.

Plaintiff asserts, however, that these powers of local school boards are subject to supervisory control by the State Board of Education.

She bases her conviction upon the provisions of Sec. 6 of Art. 12 of the Constitution, which is as follows: "A state board of education is hereby created, to consist of seven members. It shall have the control, management and direction of all public schools, under such regulations as may be provided by law." (A proposed amendment to this section was defeated. See compiler's note N.M.Stats.1941. Anno.)

And upon Section 3, of Chapter 202, Laws 1941, as follows:

"Section 3. Section 20 of Chapter 73 of the 1925 Session Laws of New Mexico, appearing as Section 120-1105 in the 1929 Compilation of the New Mexico Statutes Annotated, be and the same is hereby amended to read as follows:

"Section 120-1105. No teacher having a written contract shall be discharged except upon good cause and after hearing on written charges, which, together with written notice of the time and place of hearing, shall be served upon said teacher at least five (5) days prior to such hearing. Such teacher shall have the right to appeal within ten (10) days to the State Board of Education, which Board shall hear the matter de novo at a time and place to be by it fixed and the decision of such State Board of Education shall be final. Pending its decision upon appeal, such teacher shall be entitled to receive the salary contracted for."

 Plaintiff's argument is faulty. In the first place, it will be noted that this constitutional power so vested in the Board of Education is to be exercised "under such regulations as may be provided by law."

We have seen that the Legislature has reposed in local boards the power to employ and discharge teachers and school employees. Section 1105 of Chapter 148, Laws 1923, was as follows: "No rural school teacher other than in an independent district, shall be discharged from or interfered with in the conduct of his school by any Board of School Directors or any mem-

ber thereof, unless the written authority of the County Board of Education therefor be shown."

This was amended by Laws of 1925, Chapter 73, Section 20 (§ 120-1105, N.M.S. A.1929) to read as follows: "No board of education, county school superintendent or board of school directors, or any member of such board, shall discharge a teacher without granting to such teacher full hearing and the right of appeal to the state board of education."

Then came the further amendment appearing in Section 3, Laws 1941, quoted supra.

■ We note in passing that these provisions in terms protect only "teachers" and not others employed by the school board.

■ It is apparent that these provisions relate to the discharge of teachers who are "employed". The word "discharge" means to remove either temporarily or permanently from employment. See Markey v. Pickley, 152 Iowa 508, 132 N.W. 883, 885.

■ Undoubtedly, here is an instance of a "regulation" provided by law vitalizing the portion of section 6 of Article 12 of the Constitution heretofore quoted.

The situation is different, however, as to the provisions of Section 1, of Chapter 202, Laws of 1941. So far as pertinent, they are:

"On or before the closing day of school in each school district in the State, whether * * * municipal * * * the governing board shall serve written notice up-on each teacher *or other employe certified as qualified to teach in the schools of the State* and by it then employed, stating whether it desires to continue or discontinue the services of such teacher or employe for the ensuing school year * * *.

"Failure to serve such notice shall be construed as a renewal of such employment for the ensuing year, unless, within fifteen (15) days after the closing date of school within the district, such employe shall serve written notice upon such governing authority that he or she does not desire such contract to be renewed. A contract covering said employment shall be executed, as soon as practicable and not later than ten (10) days before the opening of the next school term * * * *no teacher shall be employed by the governing* authority of any school district who under the laws in force, *does not hold a teacher's certificate necessary for the position to be filled."* (Emphasis ours.)

■ The first thing to be observed is that these provisions are new. They are not amendatory of earlier statutes. The design is apparent. It was to prevent school boards from waiting until just before school starts each year before notifying teachers that they were not to be employed.

It is known that school teachers are engaged in highly specialized work requiring extensive and exacting training. They are usually required to attend summer school in order to become better qualified to carry on their profession. It was thought that it would encourage attendance upon these summer schools, if teachers were afforded

a sense of security by being notified on or before the closing day of school, whether their existing contract of employment would be renewed for the ensuing year. This purpose of the statute is commendable.

It is to be noted that there is nothing in Section 1 which refers to discharge from existing employment.

There is quite a difference between discharge from employment and not being re-employed. It is noted even in the case of implied renewal of employment, the teacher is not obliged to enter into a renewal of the contract.

No unfavorable implications necessarily arise from not being re-employed, whereas discharge from existing employment without good cause, explanation, or a hearing, would be attended with injustice and hardship.

Section 3 of Chapter 202, Laws 1941, requires that no teacher having a written contract shall be discharged "except upon good cause". Under Section 1, the governing school board is not so restricted in its determination of the desirability of renewing the employment of teachers for the ensuing school year. A careful reading of Sections 1 and 3 of said Chapter further indicates differences in the subject matter of the two sections.

■ There is nothing in Section 1 to indicate a legislative intention that the discretion of the local board shall be controlled or supervised by the State Board of Education in the matter of employment of teachers.

■ The Legislature having reposed the power in local school boards to employ teachers, and formulated a presumption of renewal of such employment under certain circumstances, we cannot say that Section 6 of Article 12 of the Constitution imposes any restrictions upon the exercise of this power. That the Legislature could clothe the state board of education with supervisory authority over the acts of the local school boards in the matter of the employment of teachers as it has with respect to their discharge from existing employment, we assume, but do not decide. All we say is that the Legislature has not done so.

From the foregoing, it appears that plaintiff's first point is without merit.

Plaintiff's second point is: "The court erred in deciding that the appellant was not a school employee within the provisions of section 1, Chapter 202, Laws 1941."

This point involves interpretation of those provisions, parts of which have been heretofore quoted.

Plaintiff argues with much insistence that because she was referred to in her contract of employment as a "teacher" she had therefore the status of a teacher within the meaning of those provisions. The testimony shows that a printed form of contract was used by the defendant board in the employment of employees except janitors and truant officers, and the court found: "That this form of contract was only used for plaintiff and the teachers."

In the same numbered finding, it is recited: "The plaintiff was employed by the

defendant as a school nurse, for the school year 1940-1941, at a salary of $1800.-00, and that her employment ran from September 1, 1940 to and including August 31, 1941,"

A circumstance deserving notice, is that although a printed form of teacher's contract was used, the plaintiff was employed for a period of eleven months, whereas teachers are employed for nine months. The trial court also found:

"2. That in plaintiff's employment as a school nurse she had no regular schedule of classes, did not teach any subjects and was not required so to do by the defendant Board, and that her duties were to go about the Roswell schools and to perform such duties as might be necessary to properly look after the health and physical welfare of the students, including going to the homes of various students and advising parents as to care of school children. She also assisted in conducting clinics in cooperation with the doctors of the city.

"3. That plaintiff, during her term of employment, did not teach in the Roswell City Schools, and was not certified by the State Board of Education as qualified to teach, and is not now certified as qualified to teach in the schools of the State of New Mexico, but was approved as a public school nurse by the State Bureau of Public Health."

Only finding No. 2 is excepted to by plaintiff and we think this finding was supported by substantial evidence, although the question of whether it is or not recedes in importance in view of our decision as to the meaning of the controlling statute.

Turning again to the statute, we find that this new feature bearing upon notice of intention and desire of school boards relative to renewal of employment, and the protection afforded to these employed thereby, is limited to teachers and other employees "certified as qualified to teach in the schools of the State". This language must be considered in connection with other language in the same section as follows:

"No teacher shall be employed by the governing authority of any school district who under the laws in force, does not hold a teacher's certificate necessary for the position to be filled."

Also, section 2 of the act provides: "All contracts for employees, other than those not required to have teaching certificates, shall be on forms approved by the State Board of Education, containing and specifying the term of service, the salary to be paid, the causes for the termination of the contract, and such other provisions as may be lawfully required by the State Board of Education."

It thus appears that the school boards may contract for the services of two classes of employees—those required to have teaching certificates and those not required to have teaching certificates. So, it seems, under a fair interpretation, the language in section 1:

"Other employees certified as qualified to teach" means the same thing as the language in section 2:

"Required to have teaching certificates".

It is conceded that plaintiff is not the holder of a teacher's certificate and also it is stipulated: "That no special certification was made by the State Board of Education for plaintiff."

A stipulation of the parties contains among other things, a copy of "Regulations Governing Employment and Remuneration of Public School Nurses". These regulations apparently went into effect July 1, 1934, as the same stipulation recites that on March 17, 1934, the State Board of Education adopted a resolution approving said regulations of the State Bureau of Public Health. These regulations were also adopted by the State Board of Public Health on June 28, 1937. These regulations require that no person shall be hired or taken into employment as a public school nurse in New Mexico who shall not have received a certificate of public school nursing issued by the State Bureau of Public Health and endorsed both by the State Superintendent of Education and the State Director of Public Health. Other requirements are that no person shall receive a certificate of public school nursing who shall not have certain enumerated qualifications. Nowhere among these specified qualifications is there any requirement that such person, to be a qualified school nurse, must hold a teacher's certificate or be certified as qualified to teach in the schools of the State.

Now it may be that school boards may find it advantageous to employ in addition to teachers and janitors and truant officers, others, such for instance, as secretaries, librarians, school supervisors and school nurses. With the exception of school supervisors, whose qualifications as set forth in Chapter 173, Laws 1939, indicate that they must be certified as qualified to teach, our attention has not been called to any statute or regulation requiring that such employees last mentioned be "certified as qualified to teach."

The question is not whether they are qualified to teach, or, indeed, whether in the course of their employment they do in fact teach. The question is, are they "certified as qualified to teach".

It was perhaps the legislative intent to protect those certified as qualified to teach, even though for the time being they are rendering school services not requiring teaching, so that if the school board desired to not renew the contract for nonteaching service, the Board must give the notice required by the statute to the end that such employee could seek a teaching job at a time when such jobs are available. But this question is not before us and is not decided.

The plaintiff, in the course of her employment, doubtless did instruct the pupils in the principles necessary to the care of their health, which is a very important work, and thus was in a sense a teacher. She may have been qualified to teach, but she was not a "teacher" nor one certified

as qualified to teach in the sense those words and phrases are used in the statute, since she did not "hold a teacher's certificate".

Our conclusion is that the plaintiff did not have the status of a "teacher or other employee certified as qualified to teach in the schools of the State" and, therefore, the provisions of section 1 of Chapter 202, Laws 1941, did not apply to her contract of employment.

Finding no reversible error in the record, the judgment is affirmed.

It is so ordered.

BRICE, C. J., SADLER and MABRY, JJ., concur.

ZINN, J., did not participate.