712 P.2d 1384

**BOARD OF EDUCATION OF TAOS MUNICIPAL SCHOOLS, Appellant,**

v.

**Theresa SINGLETON and New Mexico State Board of Education, Appellees.**

No. 7942.

Court of Appeals of New Mexico.

Dec. 3, 1985.

Charles S. Solomon, Santa Fe, for appellant.

Judith C. Herrera, Leland Ares, Jones, Gallegos, Snead & Wertheim, P.A., Santa Fe, for appellee Theresa Singleton.

Paul G. Bardacke, Atty. Gen., Carolyn A. Wolf, Asst. Atty. Gen., Santa Fe, for appellee State Bd. of Educ.

## OPINION

DONNELLY, Chief Judge.

Appellant, Board of Education of Taos Municipal Schools (Taos Board), appeals from an administrative decision of the State Board of Education (State Board), overturning the Taos Board's action discharging Theresa Singleton, a teacher. Taos Board raises three issues on appeal: (1) error in failing to sustain the dismissal due to lack of certification; (2) error in determining Singleton was entitled to a public hearing by the board on the basis for her dismissal; and (3) claim of error in ordering Singleton's reinstatement and reimbursement for loss of salary. We affirm.

The litigation culminating in this appeal has a lengthy and complex history. Singleton was employed as a home economics teacher by the Taos Board for fourteen years. She had thirty years of teaching experience and was a tenured teacher. On March 9, 1982, the Taos Board met in executive session, and its district superintendent, Leonila Serna, informed the board that Singleton lacked certification by the State Department of Education for the renewal of her teaching certificate and recommended that Singleton obtain certification by March 22, 1982, or that her employment be terminated. The Taos Board did not, however, formally vote in either executive session or in an open meeting on the issue of termination of Singleton.

On March 17, 1982, Serna sent Singleton a letter informing her that her employment as a teacher with the district would be terminated as of March 22, 1982. Singleton notified the board of her objections and argued that she was a tenured teacher, that she had not been accorded a hearing on her dismissal, and that the Taos Board had never formally voted to terminate her employment.

On April 21, 1982, at a meeting of the Taos Board, it summarily voted to terminate Singleton and determined that she did not hold a valid teaching certificate for the 1981–82 school year. At the same board meeting, Singleton requested a formal hearing prior to any board taking any action on her termination, but her request

was denied. The following day, on April 22, 1982, Superintendent Serna sent Singleton a letter stating that her employment had been terminated and that she would not be reemployed for the 1982–83 school year.

Singleton brought a mandamus action in the District Court of Taos County seeking to compel the Taos Board to grant a formal hearing on the issue of whether or not she should be terminated. Following a hearing, the trial court, on March 29, 1983, issued a writ of mandamus ordering the Taos Board to hold a formal hearing, pursuant to NMSA 1978, Sections 22–10–17 and –19 (Repl.Pamp.1984), on the grounds sought for her discharge. The Taos Board appealed that order to the supreme court and on January 4, 1984, the supreme court, by memorandum decision, affirmed the trial court's judgment.

Thereafter, the Taos Board notified Singleton that it would accord her a hearing on March 13, 1984 on the grounds of her discharge. Following the hearing conducted nearly two years after her original date of discharge, the Taos Board formally voted to discharge Singleton on the basis of her failure to obtain renewal of her secondary teacher certification for the 1981–82 school year.

Singleton appealed the decision of the Taos Board to the State Board. Following a hearing on May 8, 1984, by Ann Yalman, a hearing examiner appointed by the State Board, the hearing examiner adopted findings of fact and conclusions of law recommending Singleton's reinstatement and compensation for backpay from the time of her initial discharge. The State Board, on June 18, 1984, voted to adopt the findings and conclusions of its hearing officer and to reverse the decision of Taos Board. In reaching its decision, the State Board adopted, *inter alia*, the following findings of fact:

4. Appellant [Singleton] was discharged on March 22, 1984.

5. On April 21, 1982, the local school board [Taos School Board of Education] attempted to ratify the discharge by terminating Appellant [Singleton]. Appellant [Singleton] was already discharged prior to said date.

6. The local board informal hearing did not take place less than five days nor more than fifteen days from the date of service of notice of discharge.

\* \* \* \* \* \*

8. The local board hearing was held March 13, 1984.

\* \* \* \* \* \*

12. Under said contract [under Singleton's written contract for the 1981–82 school year], Appellant [Singleton] was to furnish the local school district a proper certificate within three months of the start of the school year.

13. Appellant [Singleton] had not presented the local school district a current proper certificate as of March 22, 1982.

14. Appellant's [Singleton's] previous 5 year [sic] certificate expired June 30, 1980.

15. The state board of education did not issue Appellant [Singleton] a certificate for the period July 1, 1980–June 30, 1985 until September 13, 1982.

16. The state department of education did not keep accurate, clear records regarding which courses were applicable for which certificates between 1970–1980; therefore the state department of education could not determine to any degree of reasonable certainty which courses could be counted toward 1980–85 recertification.

17. The state department of education did not follow its own policy that transcripts must be received before courses were credited toward recertification.

18. The state department of education notified the local school district that Appellant [Singleton] was a certified school instructor in August, 1981, at the

commencement of the 1981–82 school year.

19. The state department of education's records are inadequate to determine that Appellant [Singleton] was not certifiable as of her date of discharge (March 22, 1982). The records indicate that Ms. Singleton took 6 hours of college credit and 4 hours of inservice [training] between July 1, 1975 and June 30, 1980. These 10 hours satisfy the recertification requirement for 1980–1985. She also took the additional reading requirement of July 1, 1982.

After issuance of the State Board's order, finding that Singleton had been improperly terminated and directing her reinstatement, the Taos Board appealed to this court.

## I. ISSUE AS TO CERTIFICATION

Taos Board asserts that the State Board erred in finding that Singleton met the certification requirements of NMSA 1978, Section 22–10–3 (Repl.Pamp.1984), and was entitled to reinstatement. Specifically, Taos Board argues that the contract under which Singleton was hired required her to obtain and present, within ninety days of the start of the school year, a certificate of recertification from the State Board and that her failure to timely obtain a valid certificate constituted proper grounds for her discharge. Taos Board cites as support for this argument the fact that Singleton did not actually have a certificate of recertification in March of 1982, when it terminated her employment. Taos Board adopts a rigid interpretation of Section 22–10–3 and the contract, urging that a failure by a teacher to timely present a certificate of recertification provides a basis for discharge. Under the facts of this case, we disagree.

█ Neither Section 22–10–3 nor the language of Singleton's contract mandates automatic and peremptory discharge for failure to timely produce a valid teaching cer-

tificate. Section 22–10–3(A) provides that any person teaching in a public school "shall hold a valid certificate." Section 22–10–3(C) states that any person teaching in a public school "without a valid certificate after the first three months of the school year shall thereafter forfeit all claim to compensation for services rendered." The terms of the contract require that an instructor "shall furnish" the Taos Board with a proper certificate and caution that failure to do so "may result in termination of this contract after a hearing as provided by law."

Taos Board's argument attempts to sidestep the finding of the State Board that Singleton took the requisite hours to "satisfy the recertification requirement for 1980–1985." Findings of the State Board also determined that "[t]he state department of education notified the local school district that [Singleton] was a certified school instructor in August, 1981, at the commencement of the 1981–82 school year." The findings of the State Board indicate that Singleton's 1980–1985 five-year teaching certificate had been improperly delayed and withheld by the State Board.

In *In re Appeal of Spano*, 439 Pa. 256, 267 A.2d 848 (1970), the Supreme Court of Pennsylvania considered an argument similar to that presented herein. The court in *Spano* found that the failure of a professional employee to timely present a teaching certificate to the local school superintendent before commencing employment did not terminate her contractual relationship with the school district, where the delay in obtaining the certificate was caused by the State Department of Public Instruction.

Under the facts herein, any delay on the part of the State Department of Education in processing Singleton's certificate of recertification cannot be relied on by the Taos Board as a basis for Singleton's dismissal. As recognized by the findings of the State Board, Singleton's inability to obtain a valid teaching certificate was due

to the delay of the State Department of Education in processing the certificate. That delay cannot be utilized as a basis for depriving her of her position as a tenured teacher.

■ Taos Board also seeks to draw an unnecessary distinction between "termination" and "discharge" in dismissal of Singleton. "Termination," pursuant to NMSA 1978, Section 22–10–12 (Repl.Pamp.1984), means "not to reemploy for the ensuing school year." "Discharge" under Section 22–10–17 refers to removal of "certified school instructors during the term of written employment contracts." "Discharge," as used in this statute, which prohibits the discharge of certified instructors without an opportunity for notice and hearing, includes removing the teacher either temporarily or permanently from employment. *See Bourne v. Board of Education of City of Roswell*, 46 N.M. 310, 128 P.2d 733 (1942); *see also* Section 22–10–17.

## II. DISMISSAL HEARING

Taos Board contends that the failure of Singleton to timely present a certificate of recertification to the Taos Board obviated the necessity that she be given notice and a hearing on the grounds for her dismissal. Taos Board asserts that by failing to timely obtain and submit her certificate to the board, she lost the benefit of Section 22–10–17. We disagree.

The same argument was previously argued and rejected by the Taos County District Court and the state supreme court in litigation between the parties herein. The decision of the supreme court implicitly decided this issue adversely to Taos Board and is controlling herein as the law of the case. *See United Nuclear Corp. v. General Atomic Co.*, 98 N.M. 633, 651 P.2d 1277 (1982), *cert. denied*, 460 U.S. 1017, 103 S.Ct. 1262, 75 L.Ed.2d 488 (1983). In response to Singleton's petition for writ of mandamus, the trial court, on March 29, 1983, ordered that the Taos Board conduct a discharge hearing for Singleton in accordance with Sections 22–10–17 and 22–10–19. The Taos Board appealed that decision to the supreme court, and the decision of the supreme court upholding the trial court was filed January 4, 1984. The supreme court held that Singleton was entitled to the protection of Section 22–10–17. The Taos Board could not lawfully terminate Singleton's contract without according her a hearing pursuant to that statute.

Section 22–10–17 provides in applicable part:

A local school board may discharge certified school personnel and the governing authority of a state agency may discharge certified school instructors during the term of written employment contracts only according to the following procedure:

A. serving a written notice of discharge on the person in accordance with the law for service of process in civil actions;

B. stating in the notice of discharge the following:

(1) the cause or causes for discharging the person; and

(2) a place within the school district or state agency and a date not less than five days nor more than fifteen days from the date of service of the notice of discharge for a hearing before the local school board or the governing authority of the state agency;

C. conducting a hearing according to the regulations prescribed by the state board; and

D. finding cause for discharging the person pursuant to the employment contract with the person or finding any other good and just cause for discharging the person.

■ The State Board concluded that the Taos Board failed to conduct a timely discharge hearing for Singleton in accordance with Section 22–10–17(B)(2), and State Board of Education Regulation No. 75–10,

not less than five days nor more than fifteen days from the date of service of the notice of discharge. The delay in the conducting of the discharge hearing was not in accord with the mandatory provisions of Section 22–10–17, and the Taos Board's dismissal of Singleton without first according a timely discharge hearing was contrary to law. *E.g. Tate v. New Mexico State Board of Education,* 81 N.M. 323, 466 P.2d 889 (Ct.App.1970); *Brininstool v. New Mexico State Board of Education,* 81 N.M. 319, 466 P.2d 885 (Ct.App.1970). Due to the protracted court action following Singleton's initial discharge, the discharge hearing conducted by the Taos Board was not held until March 13, 1984.

In *Redman v. Board of Regents of the New Mexico School for the Visually Handicapped,* 102 N.M. 234, 693 P.2d 1266 (Ct.App.1984), this court held that the failure of a school board to hold a timely hearing constitutes reversible error. The court held that the initial delay in commencing the hearing and the subsequent delay in completing the discharge hearing were not in accordance with the requirements of NMSA 1978, Section 22–10–20(D) (Repl.Pamp.1984).

■■■ The time specified for conducting a dismissal hearing pursuant to Section 22–10–17 is mandatory, unless waived by the parties or unless a continuance is sought and obtained for good cause. Here, Taos Board has made no showing of good cause for delay in according Singleton a hearing on the grounds stated for her dismissal. The Taos Board's delay in according Singleton a timely hearing under Section 22–10–17 and the provisions of her contract, however, cannot be urged as a basis for dismissal of the Taos Board's appeal, where this ground was not initially argued in the administrative hearing below; issues not raised in the administrative hearing are precluded from consideration on review. *Kaiser Steel Corp. v. Revenue Division, Taxation and Revenue Department,* 96 N.M. 117, 628 P.2d 687 (Ct.App.),

*cert. denied,* 96 N.M. 116, 628 P.2d 686 (1981); *Duke City Lumber Co. v. New Mexico Environmental Improvement Division,* 101 N.M. 301, 681 P.2d 727 (Ct.App. 1983), *reversed on other grounds,* 101 N.M. 291, 681 P.2d 717 (1984).

## III. CLAIM FOR REINSTATEMENT; AWARD OF COMPENSATION

(a) Taos Board asserts that it was error for the State Board to order Singleton's reinstatement. Taos Board contends that the State Board was without authority to order such relief. We disagree.

Taos Board contends that the findings of the State Board determining that Singleton had met the necessary requirements for certification were not supported by substantial evidence. On appeal, findings of an administrative agency must be upheld if supported by substantial evidence and applicable law. *Jones v. New Mexico State Racing Commission,* 100 N.M. 434, 671 P.2d 1145 (1983). A reviewing court will view the evidence on appeal in the aspect most favorable to support the decision of the administrative agency where the decision is grounded on substantial evidence. *Id.* Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* In reviewing substantial evidence, the court must view the evidence and all reasonable inferences in a light most favorable to support the findings, and any conflicting evidence will be disregarded. *Viking Petroleum, Inc. v. Oil Conservation Commission of the State of New Mexico,* 100 N.M. 451, 672 P.2d 280 (1983). As shown by the evidence before the State Board, staff notations by certification personnel in the State Board of Education on Singleton's records indicated she was eligible for certification, although the records were subject to varying interpretations. At the evidentiary hearing before the State Board, certification personnel were unable to show that Singleton had failed to meet her certification requirements.

Certification records of Singleton at the State Department of Education indicate that she took six hours of college credit and four hours of in-service training between July 1, 1975 and July 30, 1980. The certification records also support the State Board's finding that Singleton satisfied the specialized reading requirement. These ten hours satisfy the recertification requirements for 1980–1985.

■ The State Board concluded that based upon its own records, Singleton was entitled to certification and that the Taos Board failed to establish that she was not certifiable on March 22, 1982. The evidence in the record supports the findings of the State Board.

■ Taos Board also asserts that the statement of counsel for Singleton at the hearing before the Taos Board, that Singleton was not certified as of March 22, 1982, was conclusive as to the issue of whether Singleton was in fact certified at the time the Taos Board discharged her for lack of certification. This concession by Singleton is not determinative of the issue. Singleton established at the hearing before the State Board that she was entitled to recertification during the 1981–82 school year and that due to the lack of accurate records by the certification department, the certificate was delayed in its issuance so that it could be presented to the Taos Board. Where a teacher has completed the requirements and transmitted this information to the certification division of the State Department of Education, but the State Department has not timely issued a certificate due to administrative and record keeping problems within the State Department, the teacher has substantially complied with the intent of the law.

■ Our ruling should not be interpreted as diminishing the necessity for compliance by a teacher with the certification requirements of Section 22–10–3. However, where the record shows, as in this case, that a teacher has in fact complied with the requirements for recertification and bears no fault for the nonissuance of the certificate, the delay in issuing the certificate does not constitute a valid basis for dismissal of the teacher.

■ The protracted dispute which has culminated in this appeal evidences the necessity for local board compliance with Section 22–10–17 in promptly providing a tenured teacher a hearing upon the grounds alleged for discharge. As shown by the facts herein, Singleton did not receive a certificate of recertification, even though she had completed the necessary work entitling her to certification. Under such facts, Singleton's summary dismissal was contrary to the provisions of the Certified School Personnel Act. Under Section 22–10–17, Singleton, as a tenured teacher, had the right to notice of the basis of the charges against her and the right to a hearing thereon.

■ Taos Board also argues that it was solely Singleton's duty to obtain a certificate of recertification. Taos Board contends that Singleton's failure to obtain a valid certificate required under Section 22–10–3(A) resulted in her forfeiting all claim to compensation under Section 22–10–3(C). Taos Board also argues that any financial prejudice to Singleton occurred because of her failure to comply with her statutory and contractual duties. The facts show the contrary.

As determined by the State Board, Singleton had satisfied the necessary requirements to be recertified. Singleton was forced to obtain other employment at a lower salary. Under these facts, it was improper to terminate Singleton's employment. *See State ex rel. Freeman v. Sierra County Board of Education,* 49 N.M. 54, 157 P.2d 234 (1945). *Compare Board of Education of Alamogordo Public Schools v. Jennings,* 102 N.M. 762, 701 P.2d 361 (1985) (holding that wrongfully discharged employee is entitled to damages in the

amount due during the remainder of the wrongfully terminated contract, offset by the amount of income which employee received from other employment during the remainder of the contract period).

 (b) Taos Board additionally argues that Singleton was not entitled to compensation for the 1982–83 school year or for succeeding years. Taos Board contends that Singleton was not entitled to reinstatement and compensation because she was not certified and not tenured. These contentions have been restated in several variations throughout its briefs on appeal. We have considered all of Taos Board's variations of this argument but find they have no merit. Here, the argument is that absent a certificate there was no tenure, and absent tenure there was no right to reemployment. All of this turns on the certificate, which is not physically present because of the State Department.

 Taos Board also challenges the State Board's determination that Singleton was entitled to recovery of compensation resulting from her discharge. NMSA 1978, Section 22–10–18(B) (Repl.Pamp.1984) provides that where the local school board's action in discharging a certified school instructor is reversed on appeal, the certified instructor is entitled to reinstatement and payment of compensation. Pursuant to Section 22–10–18(B), we find that the evidence in the record supports the State Board's conclusion that Singleton had a right to payment of compensation.

The decision of the State Board is affirmed. No costs are awarded.

**IT IS SO ORDERED.**

WOOD and BIVINS, JJ., concur.