5 P.3d 1078

2000-NMCA-056

**Edward SITZER, Appellant,**

v.

**STATE of New Mexico TAXATION AND REVENUE DEPARTMENT,**
**Appellee.**

No. 20,361.

Court of Appeals of New Mexico.

June 7, 2000.

Michael W. Lilley, Jess R. Lilley, Las Cruces, for Appellant.

Patricia A. Madrid, Attorney General, Gail MacQuesten, Special Assistant Attorney General, Santa Fe, for Appellee.

*OPINION*

ALARID, Judge.

{1} This is an appeal from an order of the district court upholding the Taxation and Revenue Department's (the Department) denial of a license revocation hearing. We affirm.

## BACKGROUND

{2} Appellant, Edward Sitzer, was arrested on September 8, 1998, for allegedly driving under the influence of alcohol. When Appellant refused to submit to a breath alcohol test, the arresting officer served Appellant with a notice of revocation. The notice was prepared on a multiple-copy, preprinted form which contains spaces for indicating the date of service. On the carbon-copy of the notice provided to Appellant, the spaces for indicating the date of service are not filled in. On the copy of the notice retained in the Department's records, the spaces for the date of service have been filled in, certifying that the notice was served on Appellant on September 8, 1998.

{3} The notice included the following printed information:

> REQUEST FOR HEARING: YOU MAY REQUEST A HEARING ON THIS REVOCATION. THE REQUEST MUST BE MADE IN WRITING WITHIN TEN (10) DAYS FROM DATE OF SERVICE OF THIS NOTICE.... **HEARING REQUEST INSTRUCTIONS ARE EXPLAINED ON THE BACK SIDE OF THIS FORM.**
>
> . . . .

### REQUEST FOR HEARING

NOTE. The hearing on your license revocation is *completely separate* from your court hearing on the DWI criminal charge. New Mexico law (Section 66–8–112 NMSA 1978) provides that **IF YOU WISH TO CONTEST THE REVOCATION OF YOUR DRIVER'S LICENSE** described on the front side of this form, the Motor

Vehicle Division of the New Mexico Taxation and Revenue Department must **RECEIVE** your **WRITTEN** request for a hearing within **TEN (10) DAYS FROM THE DATE THAT THIS NOTICE WAS SERVED ON YOU.** The date this notice was served is stated under **SERVICE** on the front side. State law does not permit the department to consider an untimely request for a hearing.

NOTE. *This hearing request must be accompanied by a payment of $25.00 or a sworn statement of indigency. (Form MVD–10813, available at any motor vehicle field office.)*

{4} On September 10, 1998, Appellant mailed a written hearing request to the Department. Appellant did not include payment of $25.00 or a statement of indigency. On October 8, 1998, the Department notified Appellant that his request for an administrative hearing had been denied "[b]ased on the fact the request was not received with payment of $25.00 or a sworn Statement of Indigency (66–8–111.1B)."

{5} Appellant filed a notice of appeal from the Department's ruling denying Appellant a hearing on the revocation of his driving privileges. In the district court, Appellant argued three grounds for reversal: (1) the failure of the arresting officer to fill in the date on the Notice of Revocation deprived the Department of jurisdiction; (2) in view of the failure of the arresting officer to fill in the date on the Notice of Revocation, Appellant was not given proper notice of the precise time frame in which to request a hearing; and (3) there is not statutory authority allowing the Department to deny a hearing for failure to accompany the hearing request with the $25.00 fee or statement of indigency.

{6} In a brief order, the district court upheld the Department's denial of a hearing:

## ORDER DISPOSING OF APPEAL

THIS MATTER having come before the Court on the appellants [sic] appeal pursuant to NMRA 1998, Rule 1–074 from a denial of a hearing on the revocation of his driver's license in New Mexico ... [the Court] FINDS: (i) that the Appellant's argument that the Appellee had no jurisdiction is without merit; the notice of revocation was in substantial compliance with statutory requirements; (ii) that his second argument that such notice did not adequately advise the Appellant of the time in which to request a hearing is likewise without merit, and moreover is moot inasmuch as the Appellant filed a request for hearing, which would have otherwise been timely but for the failure to send the required fee or statement of indigency, and (iii) that the action of the Taxation and Revenue Department was neither fraudulent, arbitrary nor capricious, and it was not outside the scope of its authority and was otherwise in accordance with law in the denial of a hearing on the grounds that the timely filed request for hearing was not accompanied by the $25 fee of a statement of indigency; that the plain reading of NMSA 1978, Section 66–8–112B makes it mandatory that the fee or statement of indigency to be sent with the request for hearing. This requirement being mandatory, the submission of the fee or statement is part and parcel to the hearing request. This requirement was plainly noted on the notice of revocation served upon the Appellant. The fact that the Taxation and Revenue Department may not be prejudiced by granting a hearing is not a relevant consideration.

IT IS THEREFORE ORDERED that the issues raised by the Appellant lack merit, and the decision of the Taxation and Revenue Department to deny the Appellant a hearing for failing to send the $25 fee or a statement of indigency with the request for hearing be, and the same hereby is, affirmed.

## DISCUSSION

{7} On appeal to this Court, Appellant raises the same issues he presented to the district court. We agree with the district court's reasoning, and accordingly, we affirm.

■ {8} Pursuant to NMSA 1978, § 66–8–112(A)(1) (1978, as amended through 1993), the actual date of service of the notice of revocation by the alleged violator is the operative date from which the ten-day period

within which to request for hearing is calculated. The Legislature has not enacted a certificate of service requirement, much less made certification of the date of service a jurisdictional requirement. *See* NMSA 1978, §§ 66–8–111 through 112 (1978, as amended through 1993). We therefore reject Appellant's first claim of error.

■ {9} Appellant does not dispute that September 8, 1998, the date of service indicated on the copy of the notice maintained in the Department's records, was the actual date that he was arrested, refused to take a breath alcohol test and thereupon was served with the notice of revocation. The record indicates that within two days of his receipt of the notice of revocation, Appellant sent the following letter to the Department by certified mail addressed to the Department at the mailing address printed on the back of the notice of revocation:

Dear Sirs:

I hereby request a hearing concerning revocation in reference to the following: Edward L. Sitzer ... citation # 19264 1020764 5, dtd 09/08/98, issued by Deming Police Department, Notice of Revocation # 780822 3.

Sincerely,

Edward L. Sitzer

■ {10} The return receipt for Appellant's letter, which is included in the record on appeal, indicates that Appellant's letter was received by the Department on September 14, 1998, prior to the expiration of the ten-day period provided by Subsection 66–8–112(B). We hold that Appellant's September 10, 1998, letter and its receipt by the Department on September 14, 1998, within the ten-day period provided by Subsection 66–8–112(B) renders harmless any actual lack of notice or confusion Appellant claims to have experienced as the result of the arresting officer's failure to fill in the date of service. "A party must show prejudice before reversal is warranted." *El Paso Elec. Co. v. Real Estate Mart. Inc.*, 98 N.M. 570, 574, 651 P.2d 105, 109 (Ct.App.1982). Accordingly, we reject Appellant's second claim of error.

■ {11} The sole ground relied upon by the Department to deny Appellant's request for a hearing was his failure to include a $25.00 fee or a statement of indigency. Subsection 66–8–112(B) provides as follows:

Within ten days after receipt of notice of revocation pursuant to Subsection A of this section, a person whose license or privilege to drive is revoked ... may request a hearing. The hearing request shall be made in writing and shall be accompanied by a payment of twenty-five dollars ($25.00) or a sworn statement of indigency on a form provided by the department.... Failure to request a hearing within ten days shall result in forfeiture of the person's right to a hearing.

{12} As we read this statute, the written "hearing request" and the $25.00 fee/sworn statement of indigency are conjunctive, mandatory requirements. To "request a hearing," a person contesting revocation of his or her license must comply with *both* requirements within the ten-day period. Here, although Appellant mailed a timely hearing request, Appellant did not accompany his hearing request with the $25.00 fee or a sworn statement of indigency. Appellant thereby "forfeited" his right to a revocation hearing. Accordingly, we reject Appellant's third claim of error.

**CONCLUSION**

{13} The order of the district court is affirmed.

{14} **IT IS SO ORDERED.**

WECHSLER and KENNEDY, JJ., concur.