This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**THE NATIONAL EDUCATION ASSOCIATION OF NEW MEXICO, NATIONAL EDUCATION ASSOCIATION-SANTA FE, and TERRANCE MIRABAL,**

Petitioners-Appellees,

v.                                                                                          **NO. 33,065**

**SANTA FE PUBLIC SCHOOLS, DR. JOEL BOYD, Superintendent,**

Respondents-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Jones, Snead, Wertheim & Clifford, P.A.
Jerry Todd Wertheim
Elizabeth C. Clifford
Santa Fe, NM

for Appellees

Walsh Anderson Gallegos Green & Treviño, P.C.
Carol S. Helms
Elena P. Serna
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Respondents Santa Fe Public Schools and its superintendent appeal a writ of mandamus directing them to hold a discharge hearing for Petitioner Terence Mirabal. In our notice of proposed summary disposition, we proposed to reverse. In response to this Court's notice, Petitioners have filed a memorandum in opposition and Respondents have filed a memorandum in support, both of which we have duly considered. As we do not find Petitioners' arguments to be persuasive, we reverse.

{2}     In this Court's notice of proposed summary disposition, we proposed to hold that the district court erred in issuing a writ of mandamus directing Respondents to hold a discharge hearing. It was undisputed that Respondents provided written notice to Petitioner Mirabal that they intended to discharge him for cause, as required by the School Personnel Act, NMSA 1978, § 22-10A-27(A) (2003). [RP 29-30] It was also undisputed that Petitioner Mirabal failed to "exercise his right to a hearing before the local school board or governing authority by giving the local superintendent or administrator written notice of that election within five working days of his receipt of the notice to recommend discharge." Section 22-10A-27(B). Mirabal filed his petition

only after this period expired and he was notified that he had been discharged. [RP 36, 37] This Court has held that the provisions of the Act regarding timing are mandatory, "unless waived by the parties or unless a continuance is sought and obtained for good cause." *Bd. of Educ. of Taos Mun. Schools v. Singleton*, 1985-NMCA-112, ¶¶ 17-20, 103 N.M. 722, 712 P.2d 1384 (interpreting the language of Section 22-10A-27, as previously codified at Section 22-10-17). It was undisputed that Petitioner Mirabal neither sought an extension of time or the discretionary acceptance of his late notice based on good cause shown. Because Mirabal's notice was late, and because the times provided in Section 22-10A-27 are mandatory, we proposed to conclude that Mirabal failed to follow the procedures necessary to exercise his right to a hearing and that Respondents were therefore not under any clear statutory duty to provide him with one. *See Storm Ditch v. D'Antonio*, 2011-NMCA-104, ¶¶ 34-35, 150 N.M. 590, 263 P.3d 932 (holding that the plaintiff was not entitled to mandamus compelling an administrative hearing because it failed to timely file a protest in order to invoke its right to such a hearing); *see also State ex rel. Coll v. Johnson,* 1999-NMSC-036, ¶ 12, 128 N.M. 154, 990 P.2d 1277 ("Mandamus is a drastic remedy to be invoked only in extraordinary circumstances" and is available "only to one who has a clear legal right to the performance sought" (internal quotation marks and citations omitted)); NMSA

1978, Section 44-2-4 (1884) (stating that a writ of mandamus may issue in order to direct a board to perform an act that it has a legal duty to perform). *Cf. Sitzer v. State Taxation & Revenue Dep't,* 2000-NMCA-056, ¶¶ 11-12, 129 N.M. 274, 5 P.3d 1078 (holding that a person aggrieved by an agency action forfeited his right to an administrative hearing when he failed to timely meet the mandatory requirements for seeking a hearing).

{3}    In Petitioners' memorandum in opposition, they make a number of arguments, all of which are premised on their assertion that the harmless error provision contained in the appeal section of the School Personnel Act requires Respondents to hold a hearing after the time for invoking a hearing has passed unless they can affirmatively demonstrate that they have been prejudiced by Petitioner's late efforts to seek a hearing. [Petrs.' MIO 3-4, 6, 8-11] That section states that an employee "aggrieved by a decision of a local school board or governing authority to discharge him *after a discharge hearing . . .* may appeal the decision to an independent arbitrator." NMSA 1978, Section 22-10A-28(A) (2003) (emphasis added). During the appeal, "[u]nless a party can demonstrate prejudice arising from a departure from the procedures established in [the portions of the act governing discharge hearings and appeals] such departure shall be presumed to be harmless error." Section 22-10A-28(L). As we explained in our notice of proposed summary disposition, this subsection, located in

4

the section on appeals to an independent arbitrator from discharge hearings, clearly applies only to such appeals from discharge hearings. When a party has failed to perfect his right to a discharge hearing and therefore has had no hearing, there is no appeal to an independent arbitrator to which the harmless error rule could apply. Nothing in this subsection suggests that it is intended to revive a right to a hearing that was not properly invoked or to provide flexibility in the deadlines that this Court has held to be mandatory.

{4}      Therefore, for the reasons stated here and in our notice of proposed summary disposition, we reverse.

{5}      **IT IS SO ORDERED.**


_____
                                        **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**TIMOTHY L. GARCIA, Judge**


_____
**J. MILES HANISEE, Judge**