This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BRENT M. EASTWOOD,**

Protestant-Appellant,

v.                                                   **No. 34,948**

**STATE OF NEW MEXICO**
**TAXATION AND REVENUE**
**DEPARTMENT,**

Respondent-Appellee,

**IN THE MATTER OF THE PROTEST**
**OF BRENT AND MELANIE EASTWOOD**
**TO DENIAL OF REFUND ISSUED UNDER**
**LETTER ID NO. L-0569171920**

**ADMINISTRATIVE HEARINGS OFFICE TAX ADMINISTRATION**
**Brian VanDenzen, Hearing Officer**

Brent M. Eastwood
Arlington, VA

Pro Se Appellant

NM Taxation & Revenue Department
Brad Odell, Chief Legal Counsel
Elena Morgan, Legal Counsel
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

**{1}** Brent M. Eastwood (Appellant) appeals from the Taxation and Revenue Department's (Department) decision and order. This Court's notice proposed to affirm the Department's denial of Appellant's protest. Appellant filed a letter, which we construe as a memorandum in opposition. Not persuaded by Appellant's assertions, we affirm.

**{2}** This Court's calendar notice proposed to conclude that by failing to appear at the hearing for which he had proper notice, Appellant abandoned his protest, thereby forfeiting his right to appeal. *Cf. Sitzer v. State Taxation & Revenue Dep't*, 2000-NMCA-056, ¶ 12, 129 N.M. 274, 5 P.3d 1078 (holding that where appellant contesting revocation of license did not comply with both mandatory statutory requirements to request a hearing appellant "forfeited" his right to a revocation hearing). By not appearing at the hearing for which Appellant had proper notice, he waived any arguments challenging the Department's tax assessment on appeal. *See Easterling v. Peterson*, 1988-NMSC-030, ¶ 4, 107 N.M. 123, 753 P.2d 902 (recognizing that "waivers may be implied by a course of conduct which, in turn, will estop the one who waives from asserting the right waived").

**{3}** Appellant failed to respond to this Court's proposed disposition, as required by our rules and case law. *See* Rule 12-210(D)(3) NMRA; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Appellant asks this Court to stay the appeal on grounds that the Federal Bureau of Investigations is investigating the Department and Governor Susana Martinez's administration for unlawfully using tax audits against private citizens in a retaliatory manner. While this may be the case, it is immaterial to the instant appeal. Appellant does not point out error with or otherwise respond to the legal rationale in support of this Court's proposed disposition. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (indicating that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

**{4}** For these reasons and those stated in this Court's notice of proposed disposition, we affirm.

**{5}** **IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**LINDA M. VANZI, Judge**