NOT DESIGNATED FOR PUBLICATION

No. 127,485

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ELLIOTT JAMES SCHUCKMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; KRISTI COTT, judge. Opinion filed February 14, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before HURST, P.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM: Elliott James Schuckman appeals from the district court's revocation of his probation and the imposition of his underlying prison sentence, which the district court reduced from 83 to 60 months. Schuckman argues the district court acted unreasonably. This court granted Schuckman's motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48), in which he indicated briefing was unnecessary because appellate authority supports the district court's decision.

After the district court gave Schuckman multiple opportunities to rehabilitate himself and conform to the terms of probation, he continued to use illegal drugs and miss meetings with his corrections officer. This court cannot say the district court's decision to

1

revoke Schuckman's probation and impose a prison sentence constitutes an abuse of discretion. The district court is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement, Schuckman pled no contest to distribution of methamphetamine on December 7, 2021. Schuckman apparently regretted his plea and moved to withdraw it before sentencing, but the district court denied his request. On March 22, 2022, the district court sentenced Schuckman to 83 months in prison but granted his motion for a dispositional departure. As a result, the district court suspended Schuckman's prison sentence and instead placed him on 36 months of probation.

*The First Probation Violation Hearing*

On June 29, 2022, less than four months after sentencing, the State moved to revoke Schuckman's probation and alleged that he (1) failed to attend meetings with probation officers on April 14, May 13, and June 16, 2022; (2) admitted that he drank alcohol on May 3 and May 4, 2022; (3) failed to notify of police contact within 24 hours of his appearance on the Finney County jail log for driving with a suspended license; and (4) failed to report for office visits after May 5, 2022. Schuckman was released on bond and ordered to return August 22, 2022—which he failed to do—and the court issued a warrant for his arrest. After a hearing, the district court found Schuckman violated the terms of his probation requiring him to report and ordered him to serve a 30-day county jail sanction.

2

*The Second Probation Violation Hearing*

On January 9, 2023, the State again moved to revoke Schuckman's probation and alleged that Schuckman (1) admitted to consuming alcohol and using methamphetamine on November 11, 2022; (2) provided a urine sample on December 12, 2022, that tested positive for methamphetamine and admitted to using methamphetamine on December 9; (3) admitted to consuming alcohol on December 11, 2022; and (4) missed three office visits. The State provided statements signed by Schuckman admitting to using alcohol and methamphetamine on at least three separate occasions. On May 11, 2023, the district court held a hearing where it found that Schuckman violated his probation and imposed a two-day "quick dip" sanction.

*The Third Probation Violation Hearing*

On October 5, 2023, the State again moved to revoke Schuckman's probation alleging that he (1) admitted to using methamphetamine on two occasions and submitted an oral swab which tested positive for methamphetamine in June 2023; (2) admitted to consuming alcohol on seven occasions between June and September 2023; (3) admitted to using methamphetamine on six occasions between July and September 2023; (4) failed to report for office visits four times between August to October 2023; (5) submitted a urine sample on September 27, 2023, that tested positive for methamphetamine; (6) violated his curfew; and (7) failed to report to inpatient treatment on September 5, 2023. The State provided 14 statements signed by Schuckman between June and September 2023 admitting to drug and alcohol use. Before the violation hearing, the State filed an addendum to its motion and further alleged that Schuckman (1) refused to provide a requested urine sample on November 29, 2023; (2) admitted to using methamphetamine twice in December 2023; and (3) failed to report for his scheduled office visits on December 20, 2023, and January 4, 2024.

3

At the February 8, 2024 probation violation hearing, Schuckman denied only 2 of the State's 19 alleged violations and admitted the rest. The court determined that Schuckman violated his probation.

At the contested disposition hearing, Schuckman called four witnesses in his defense. Schuckman's father testified to his serious health conditions and that he heavily relied on Schuckman for assistance. Schuckman's longtime friend testified regarding Schuckman's employment and his good character attributes. Another friend testified regarding Schuckman's work history, good character, and that he helped his parents and elderly neighbors. Schuckman's wife also testified that she depended on Schuckman for assistance related to her father's recent death and depended on his income for their family and her children.

Schuckman testified that he cared for his parents three or four days a week and about his work and caring for his children. He explained having serious transportation problems that made it difficult to get to his probation check-ins. Schuckman testified that he faced many hardships in his life that he worked to overcome but he sometimes slipped up and used drugs. On cross-examination, he admitted he used methamphetamine about 50 or 60 times during his 2 years of probation. Schuckman testified that he thought treatment would help and that he had treatment lined up after the hearing. Schuckman's community corrections officer testified that Schuckman failed to check in multiple times, and despite efforts to get Schuckman into treatment, he had never successfully completed any of the treatment options.

The court explained that Schuckman received many opportunities but that he failed to put effort towards his probation requirements:

"You first were supposed to go to prison originally on your original sentence, and the Court did give you a chance at probation and did you . . . grant you an opportunity to try to get the help that you need.

"And then you came back in front of me on a probation violation and you were found to be in violation. We gave you another chance and you did a 30-day sanction rather than serving the 83-month sentence. I put you back out, and then you came in front of me again with another probation violation and it was proved to this Court that you were in violation of your probation. . . . I gave you another opportunity, and instead of making you do the 83 months, I ordered a 2-day quick dip and put you back on probation.

"We're here again on another Motion to Revoke, and then while the pending Motion to Revoke you accumulated even more violations, so there could have been a fourth motion to revoke your probation at this point. It does seem like you are a good person and you are a good son, and a good worker; you just do not seem to be a good probationee. At this time it's not working. It looks like when you care about something you do it and you put your efforts toward it, and unfortunately, you have not put your efforts toward probation."

The district court revoked Schuckman's probation and imposed a reduced prison sentence of 60 months.

Schuckman appealed and moved for summary disposition of his appeal in accordance with Supreme Court Rule 7.041A. The State did not respond, and Schuckman's motion was granted.

## DISCUSSION

Schuckman contends that the district court abused its discretion when it revoked his probation and when it refused to more substantially reduce his underlying prison sentence. A district court abuses its discretion when its action is based on an error of law or fact or is arbitrary, fanciful, or unreasonable. *State v. Bilbrey*, 317 Kan. 57, 63, 523

5

P.3d 1078 (2023). Schuckman claims no error of law or fact. Rather, he alleges that the district court's decision was unreasonable because his drug addiction was better treated outside of prison and his family heavily relied on him for financial and other assistance.

Probation violation proceedings have two stages. In the first, the district court determines whether the defendant committed a violation, and if a violation is established, the court moves to the second—the disposition stage—where it imposes an appropriate sanction. *State v. Skolaut*, 286 Kan. 219, 229, 182 P.3d 123 (2008). After the court establishes the defendant violated the terms of probation, the court has broad discretion in the disposition stage to impose a variety of sanctions. However, those sanctions must comply with the applicable statutory framework. See, e.g., *State v. Dooley*, 308 Kan. 641, 647-51, 423 P.3d 469 (2018) (explaining the court's discretion to impose sanctions within statutory requirements). Revocation of probation and imposition of the underlying prison sentence is just one of the available dispositions. See *State v. Horton*, 308 Kan. 757, 760-61, 423 P.3d 548 (2018).

Schuckman received probation because of a dispositional departure—meaning his convictions and criminal history subjected him to a prison sentence—but instead the district court granted him probation. Therefore the district court had authority to revoke Shuckman's probation—after establishing that he violated the probation terms—without first imposing intermediate sanctions. See K.S.A. 22-3716(c)(7)(B) (permitting probation revocation without intermediate sanctions when the original sentence resulted from a dispositional departure); *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Despite its authority, the district court did not revoke Schuckman's probation after his first or second probation violation hearing. Instead, the district court first imposed a 30-day county jail sanction and then a 2-day jail sanction. See K.S.A. 22-3716(c)(9) (permitting confinement in county jail up to 60 days); K.S.A. 22-3716(c)(1)(B) (permitting intermediate sanction of a two- or three-day confinement in county jail).

6

These sanctions were ineffective. Schuckman repeatedly violated his probation in ways that demonstrated his inability to work through his addiction and prioritize compliance with the terms of his probation. Though Schuckman expressed willingness to engage in drug treatment at his final probation hearing, his previous inability to successfully complete treatment programs and continued failure to comply with the probation terms undermined those assurances. While it appears that many people relied on Schuckman, this court cannot say that the district court's decision to revoke his probation and impose a reduced prison sentence was unreasonable. See, e.g., *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006) (When not otherwise prohibited by law, the district court abuses its discretion by revoking probation "when no reasonable person would have taken" the same position.).

Rather than imposing Schuckman's original 83-month prison sentence, the district court reduced his sentence to 60 months—saving Schuckman almost 2 years of imprisonment. See K.S.A. 22-3716(c)(1)(C) (allowing the court to impose sanctions including revocation of the probation and "requiring such violator to serve the sentence imposed, *or any lesser sentence*") (Emphasis added.); see also *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 (2001) (Under the plain language, "any lesser sentence" means that the district court, upon revoking probation, may impose a lesser sentence.). Despite that leniency, Schuckman asserts that the district court acted unreasonably by not granting a more substantial reduction. Under these circumstances—where the district court gave Schuckman multiple opportunities to succeed on probation—this court cannot say that the district court acted unreasonably when it refused to more substantially reduce Schuckman's underlying prison sentence.

CONCLUSION

Schuckman repeatedly violated the conditions of his probation, which was originally granted as a disposition departure from a presumptive prison sentence. Despite

7

multiple opportunities, Schuckman failed to reform his behavior and there was no evidence that such reform was forthcoming. Under these circumstances, the district court's revocation of Schuckman's probation and its imposition of a reduced prison sentence was not unreasonable. Schuckman failed to show that the district court abused its discretion, and the district court's decision is affirmed.

Affirmed.