This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39530

**SAMANTHA RUPERT,**

Claimant-Appellant,

v.

**NEW MEXICO HUMAN SERVICES
DEPARTMENT,**

Respondent-Appellee.

**APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE
Lisa Lucero, Administrative Law Judge**

New Mexico Center on Law & Poverty
Sovereign Hager
Teague González
Albuquerque, NM

for Appellant

John R. Emery, Deputy General Counsel
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** Samantha Rupert appeals a decision of the New Mexico Department of Human Services (the Department), adopting the recommendation of its administrative law judge (ALJ). The Department agreed with the Income Support Division's (ISD) decision to terminate Rupert's Temporary Assistance for Needy Families (TANF) cash benefits, as a sanction for her noncompliance with the requirements of the Child Support

Enforcement Division (CSED).1 *See generally* 8.102.620.10 NMAC (describing the sanction structure). We affirm.

## DISCUSSION

{2}     This Court may set aside a decision of the Department only if it is "(1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence in the record as a whole; or (3) otherwise not in accordance with law." NMSA 1978, § 27-2B-13(K) (1998); *see also* 8.100.970.15(C)(2) NMAC. "The burden is on the parties challenging the agency order to make this showing." *Sw. Rsch. & Info. Ctr. v. N.M. Env't Dep't*, 2014-NMCA-098, ¶ 21, 336 P.3d 404 (internal quotation marks and citation omitted). Although Rupert makes various arguments why we should reverse the Department's decision, we understand Rupert to advance two principal challenges: (1) that the Department's decision was not in accordance with the law because the notices informing Rupert that her TANF benefits were terminating were untimely and substantively inadequate; and (2) that the ALJ's finding that Rupert was noncompliant with CSED requirements was not supported by substantial evidence. We take these up in turn.

## I.     The Timeliness and Adequacy of the Notices

{3}     We first address Rupert's contentions that the notices informing her that her TANF benefits were terminating were untimely and substantively inadequate under state and federal regulations.2 *See* 8.100.180.10 NMAC (setting out the requirements for a "timely and adequate" notice of an adverse action); 45 C.F.R. § 205.10(a)(4)(i) (same).

## A.     Timeliness

---

1ISD and CSED are divisions within the Department. *See* NMSA 1978, §§ 27-2B-3(D), -3(F), -7(B)(10) (2009).

2To the extent Rupert makes a separate claim that the procedures used to terminate her TANF benefits violated her right to due process, she does so without advancing a developed argument. As our Supreme Court has explained, "Before a procedural due process claim may be asserted, the [claimant] must establish that [they were] deprived of a legitimate liberty or property interest and that [they were] not afforded adequate procedural protections in connection with the deprivation." *Bd. of Educ. of Carlsbad Mun. Schs. v. Harrell*, 1994-NMSC-096, ¶ 21, 118 N.M. 470, 882 P.2d 511. Whether the procedural protections were adequate depends on an examination of the factors discussed in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See In re Comm'n Investigation Into 1997 Earnings of U.S. West Commc'ns, Inc.*, 1999-NMSC-016, ¶ 26, 127 N.M. 254, 980 P.2d 37 (setting out the *Mathews* factors to be examined in an administrative-proceeding due process challenge). In this case, Rupert does not cite, let alone analyze, the *Mathews* factors. In view of this, we reject Rupert's due process argument as undeveloped. *See Greentree Solid Waste Auth. v. Cty. of Lincoln*, 2016-NMCA-005, ¶ 27, 365 P.3d 509 (declining to consider undeveloped arguments); *see also Sw. Rsch. & Info. Ctr.*, 2014-NMCA-098, ¶ 21; *Premier Tr. of Nevada, Inc. as Tr. of Murtagh Nevada Tr. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261 (providing that "it is the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the [lower tribunal] has erred").

**{4}** We decline to address Rupert's timeliness argument because it was not raised at the administrative hearing before the ALJ and therefore is not preserved. *See Bd. of Educ. of Taos Mun. Schs. v. Singleton*, 1985-NMCA-112, ¶ 20, 103 N.M. 722, 712 P.2d 1384 ("[I]ssues not raised in the administrative hearing are precluded from consideration on review."); *Sais v. N.M. Dep't of Corr.*, 2012-NMSC-009, ¶ 28, 275 P.3d 104 (declining to review an issue where the "argument was not made to the ALJ and a ruling was not invoked before the [administrative agency]"); *see also Princeton Place v. N.M. Hum. Servs. Dep't, Med. Assistance Div.*, 2022-NMSC-005, ¶¶ 21-22, 503 P.3d 319 (applying general principles of preservation to administrative proceedings). To preserve an issue for review, a party must fairly invoke a ruling or decision of the lower tribunal on the same grounds as argued on appeal. *See Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273; Rule 12-321(A) NMRA. "The preservation rule is intended to ensure that (1) the [trial] court is timely alerted to claimed errors, (2) opposing parties have a fair opportunity to respond, and (3) a sufficient record is created for appellate review." *Princeton Place*, 2022-NMSC-005, ¶ 21 (internal quotation marks and citation omitted). "[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue." *Crutchfield*, 2005-NMCA-022, ¶ 14.

**{5}** Here, Rupert fails to point us to where, specifically, in the record she preserved her timeliness argument. Instead, in a single paragraph at the end of her brief in chief, without citation to the record, Rupert simply asserts that all her appellate issues were preserved at the hearing before the ALJ or in the record below. Such a preservation statement is patently inadequate under our rules and case law. *See* Rule 12-318(A)(4) NMRA (requiring an appellant's brief in chief to include, "with respect to *each issue presented*," "a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, transcript of proceedings, or exhibits relied on" (emphasis added)); *Lasen, Inc. v. Tadjikov*, 2020-NMCA-006, ¶ 18, 456 P.3d 1090 (concluding that a generic preservation statement, lacking citation to the pages of the transcript or record where the party preserved the issues, was insufficient). This by itself justifies our rejection of Rupert's timeliness argument without further inquiry. *See Lasen, Inc.*, 2020-NMCA-006, ¶ 16. Nevertheless, we have reviewed the transcript of the hearing before the ALJ. Based on our review, although counsel raised the issue of the substantive inadequacy of the notices, counsel did not raise the timeliness of the notices as an issue. Thus, Rupert failed to invoke a ruling by the ALJ on the timeliness argument she advances on appeal, and we accordingly decline to consider this unpreserved issue. *See Citizen Action v. Sandia Corp.*, 2008-NMCA-031, ¶ 17, 143 N.M. 620, 179 P.3d 1228 (providing that "[i]n order for a party to sufficiently preserve an issue during an administrative hearing, the party must elicit testimony and invoke a ruling by the hearing officer," and declining to address an unpreserved issue).

## B.    Adequacy

**{6}** We turn now to Rupert's argument that the notices advising her that her TANF benefits were terminating were substantively inadequate under federal and state

regulations. Specifically, Rupert contends that the reasons given for the adverse action were deficient. *See* 8.100.180.10(C)(1)(a) NMAC (providing that a notice of adverse action shall contain, among other things, the "[r]eason for the proposed action, including the specific regulations supporting the action and the information on which the proposed action is based"); 45 C.F.R. § 205.10(a)(4)(i)(B) (providing that an "adequate notice" must contain, among other things, "the reasons for the intended agency action[ and] the specific regulations supporting such action"). In support, Rupert cites the "Notice of Case Action," in which the Department listed three reasons (with accompanying citations to New Mexico regulations) why her TANF benefits were being terminated: she did not cooperate with CSED requirements (8.102.420.14 NMAC), she did not seek benefits from other available sources (8.102.520.8 NMAC), and there is no eligible child in Rupert's benefit group (8.102.400.9 NMAC).

**{7}** Why Rupert believes the Notice of Case Action is deficient under the applicable regulatory provisions is less than clear. In her brief in chief, Rupert asserts, without record support, that the second and third reasons in the Notice of Case Action were incorrect. Then, Rupert baldly asserts that the Notice of Case Action "is unintelligible and provided no way for [her] to understand why the Department denied her . . . benefits . . . ." Rupert, however, does not explain why including reasons in the Notice of Case Action that, according to her, were inaccurate would render the notice deficient. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."); *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."). Nor does she cite any authority in her brief in chief that supports such a contention.3 *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (providing that we assume no authority exists where none is cited in the appellate briefing and that "[i]ssues raised in appellate briefs [that] are unsupported by cited authority will not be reviewed . . . on appeal"). Rupert fails to advance a developed argument with citation to authority supporting her contention that the notices were substantively inadequate. We thus decline to consider this issue further.

---

3Although Rupert cites case law in her brief in chief for the general principle that an administrative agency is bound by its regulations, she cites no authority to support her specific contention that the reasons set forth in the Notice of Case Action were substantively inadequate. In her reply brief, Rupert does cite federal case law discussing the adequacy of a notice of adverse action. Rupert, however, does not explain how the notices in this case fail under the principles set out in the federal cases she cites. *See Muse v. Muse,* 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 (providing that the appellant's arguments were "surface presentations" and did not meet the appellant's burden on appeal). Moreover, waiting until the reply brief to support a contention with on-point authority runs afoul of the spirit, if not the letter, of the rules of appellate procedure, see Rule 12-318(A)(4) (requiring the *brief in chief* to contain "citations to authorities"), and has deprived the Department of any meaningful opportunity to respond. *See Doe v. City of Albuquerque*, 1981-NMCA-049, ¶ 8, 96 N.M. 433, 631 P.2d 728 (declining to review an appellant's arguments that were developed for the first time in a reply brief because such an approach "forecloses a response from [the] appellees"); *cf. Wilcox v. N.M. Bd. of Acupuncture & Oriental Med.*, 2012-NMCA-106, ¶ 15, 288 P.3d 902 (declining to consider an appellant's argument raised for the first time in the reply brief). We accordingly decline to consider the authority cited in Rupert's reply brief.

## C.    Rupert's Additional Arguments as to Timeliness and Adequacy

**{8}**    Rupert makes two additional arguments related to her claim that the notices were untimely and substantively inadequate. First, Rupert contends the Department should have granted her a "good cause" exception for her noncompliance with CSED requirements because the notices were "faulty." Because we have rejected Rupert's claim that the notices were untimely and substantively inadequate, this argument also fails. Second, Rupert contends the Department's decision was arbitrary and capricious because the ALJ did not address the timeliness and substantive inadequacy of the notices. To the extent Rupert asserts the ALJ should have addressed whether the notices were untimely, such argument is not well taken in light of our conclusion that Rupert never invoked any such ruling. To the extent Rupert argues the ALJ should have addressed whether the reasons given in the notices were deficient, this argument likewise is not well taken. Although the ALJ's recommendation does not explicitly make a finding or conclusion as to the substantive adequacy of the notices, such a determination was implicitly made. *See Dawley v. La Puerta Architectural Antiques, Inc.*, 2003-NMCA-029, ¶ 19, 133 N.M. 389, 62 P.3d 1271 ("If, from the facts found, the other necessary facts may be reasonably inferred, the judgment will not be disturbed." (internal quotation marks and citation omitted)); *Sunnyland Farms, Inc. v. Cent. N.M. Elec. Coop., Inc.*, 2013-NMSC-017, ¶ 41, 301 P.3d 387 (interpreting the findings of the trial court generously to implicitly find additional relevant elements). The Department's representative testified at the hearing before the ALJ that all three reasons given in the Notice of Case Action boiled down to Rupert's noncompliance with CSED requirements. In response, Rupert's counsel retorted, "We'll let the [ALJ] make that decision." It appears the ALJ did just that and agreed with the Department. The ALJ found that the Notice of Case Action informed Rupert that her TANF cash benefits were closing "due to non-cooperation with the CSED." From this, it is reasonable to infer the ALJ determined that the Notice of Case Action adequately informed Rupert of the reasons for termination.

**{9}**    For all these reasons, we reject Rupert's arguments concerning the timeliness and adequacy of the notices. *See Sw. Rsch. & Info. Ctr.*, 2014-NMCA-098, ¶ 21; *see also Premier Tr. of Nevada, Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261 (providing that "it is the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the [lower tribunal] has erred").

## II.    Substantiality of the Evidence of Rupert's Noncompliance

**{10}**    Rupert next contends the ALJ's finding that Rupert was noncompliant with CSED requirements is not supported by substantial evidence. The thrust of Rupert's sufficiency argument is that her noncompliance was established by hearsay statements from CSED conveyed through the Department's representative, and, according to Rupert, "hearsay does not qualify as substantial evidence" because a substantial right is at issue. For the reasons that follow, Rupert's substantial evidence challenge fails.

**{11}**   We initially observe that Rupert's hearsay-based argument suffers from the same infirmity as her timely-notice argument—it is not preserved. Based on our review of the transcript of the hearing before the ALJ, we have determined that Rupert's counsel never objected to any of the Department's evidence on hearsay or other similar grounds. This deprived the Department of the opportunity to respond to such an objection and, if sustained, to come forward with additional evidence. *See Princeton Place*, 2022-NMSC-005, ¶ 21. Nevertheless, even were we to set aside the lack of preservation, Rupert's substantial evidence challenge fails for the reasons explained below.

**{12}**   Rupert's hearsay-based argument runs counter to applicable statutory and regulatory provisions. The statute governing the fair hearing procedures explicitly provides, "The technical rules of evidence and the rules of civil procedure shall not apply." Section 27-2B-13(D). Similarly, the regulation governing hearing standards provides, "Formal rules of evidence and civil procedure do not apply to the fair hearing process." 8.100.970.11(F) NMAC. Rupert fails to acknowledge the foregoing provisions. Instead, Rupert relies, in passing, on the legal residuum rule, which provides that an administrative decision depriving an individual of a property right, or other substantial right, must be based on at least some evidence that would be admissible in a jury trial. *See Young v. Bd. of Pharmacy*, 1969-NMSC-168, ¶ 17, 81 N.M. 5, 462 P.2d 139; *Trujillo v. Emp. Sec. Comm'n of N.M.*, 1980-NMSC-054, ¶ 7, 94 N.M. 343, 610 P.2d 747. Rupert simply assumes—without providing any argument or analysis—that the receipt of TANF benefits amounts to a property right or other substantial right. In the absence of a developed argument why the receipt of TANF benefits should be treated as such, or why the legal residuum rule otherwise should apply in this context, we decline to reach this matter today. *See Greentree Solid Waste Auth. v. Cty. of Lincoln*, 2016-NMCA-005, ¶ 27, 365 P.3d 509 (declining to consider undeveloped arguments); *see also Sw. Rsch. & Info. Ctr.*, 2014-NMCA-098, ¶ 21; *Premier Tr. of Nevada, Inc.*, 2021-NMCA-004, ¶ 10.

**{13}**   Having been given no persuasive reason to conclude that hearsay evidence is insufficient as a matter of law to support a finding of noncompliance, little remains of Rupert's sufficiency argument. That is, Rupert never advances a proper substantial evidence challenge by arguing that all the evidence (including hearsay), when viewed in the light most favorable to the Department, is insufficient to establish her noncompliance with CSED requirements. *See Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶¶ 8, 11, 115 N.M. 181, 848 P.2d 1108 (providing that a substantial evidence challenge in the whole record context requires the appellant to "present all supporting evidence in the light most favorable to the agency's decision"). Rupert's sufficiency argument accordingly fails.

## CONCLUSION

**{14}**   For the foregoing reasons, we affirm the Department's termination of Rupert's TANF benefits as a sanction for her noncompliance with CSED requirements.

**{15}** IT IS SO ORDERED.

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**GERALD E. BACA, Judge**